(119 N. W. 241.)

---

NELS O. ENGHOLM AND MARIE SOPHIA ENGHOLM v. J. M. EKREM, LUDVIG WATNE, LORENCE HUSBY, HERMAN PETERSON, ZION NOR-WEGIAN CHURCH, A CORPORATION, AND CITY OF MINOT.

Opinion filed November 24, 1908.

Rehearing denied January 8, 1909.

**Homestead — Estoppel — Grounds of Estoppel.**

1. Plaintiffs, who are husband and wife, and who were the owners of the real property in dispute, being a portion of their homestead, entered into a verbal agreement to sell the same to E. Pursuant thereto E. paid part of the purchase price, entered into possession, and made certain permanent improvements thereon, with the full knowledge and acquiescence of plaintiffs. *Held,* that E. thereby became the equitable owner of the premises, and that plaintiffs, by their acts, are estopped to question the validity of such contract.

**Same — Married Women.**

2. The doctrine of equitable estoppel by conduct applies as against married women the same as against all persons sui juris.

**Same — Statute of Frauds and Homestead Laws.**

3. Neither the statute of frauds nor the various statutory provisions enacted for the protection of homestead claimants can be held to do away with the general equity doctrine of estoppel in pais.

### Estoppel — Fraud.

4. Actual fraud at the time of the act set up as constituting the estoppel is not essential to the application of the doctrine of estoppel, it being sufficient that the act relied on constitutes constructive fraud.

### Homestead — Fraud — Equitable Title.

5. E. having acquired the equitable title to this property, it would operate as a constructive fraud upon his rights to permit plaintiffs to succeed in their purpose to divest him of such ownership. The homestead laws should not be construed so as to permit the owners of homesteads to perpetrate a fraud, either actual or constructive, upon the rights of others.

### Costs — Attorney's Fees.

6. Costs are purely the creature of statute, and can be awarded only when expressly authorized by law. It is accordingly *held,* that certain allowances by way of attorney's fees were erroneous, and the judgment is modified by eliminating such items therefrom.

Appeal from District Court, Ward county; *Goss, J.*

Action by Nels O. Engholm and wire against J. M. Ekrem and others. Judgment for defendants, and plaintiffs appeal.

Modified and affirmed.

*L. W. Gammons* and *Purcell & Divit,* for appellants.

Equity cannot give specific performance unless the land is specifically determined. 2 Pom. Eq. Rem. Sec. 764, 765, 767. Contract for conveyance of homestead not in writing and jointly signed and acknowledged by both spouses, is void. Helgeby v. Dammen, 13 N. D. 167, 100 N. W. 245; Silander v. Gronna, 15 N. D. 552, 108 N. W. 544; Garr Scott & Co., v. Collins, 15 N. D. 622, 110 N. W. 81.

Estoppel will not supply the want of power. Whitlock v. Gosson, 53 N. W. 980; Weatherington v. Smith, 109 N. W. 381; Alt v. Banholzer, 40 N. W. 830; Murphy v. Renner, 109 N. W. 593; Anderson v. Culbert, 7 N. W. 508; Stinson v. Richardson, 44 Ia. 373; Donner v. Redenbaugh, 16 N. W. 127.

Statements in a deed do not estop the maker or his spouse. Whitlock v. Gosson, supra; Weatherington v. Smith, supra; Alt v. Banholzer, supra; Halso v. Leanright, 65 Ala. 431; Mortgage Co. v. Payne, 18 So. 164; Hells v. Mathews, 68 Georgia, 490; Timothy

v. Chambers, 21 Am. St. Rep. 163, and note, 11 S. E. 598; Doyle v. Coburn, 6 Allen 71; Showers v. Robinson, 43 Mich, 502; Texas Land Co. v. Blollock, 13 S. W. 12; Hines v. Nelson, 24 S. W. 541; Watkins v. Markham, 36 S. W. 145.

Lack of acknowledgment will defeat the contract of both or either spouse. Tabler v. Sullivan, 29 S. W. 972; Aultman & Tayloy v. Jenkins, 27 N. W. 117; Phillips v. Bishop, 48 N. W. 1106; Horback v. Tyrrell, 67 N. W. 485, 37 L. R. A. 434; Smith v. Pearce, 7 Am. St. 44; Kalamazoo Bank v. Johnson, 24 S. W. 350; Richardson v. Woodstock Iron Co. 9 L. R. A. 348; Parks v. Barnett, 16 So. 136; Barton v. Drake, 21 Minn, 299; Dye v. Mann, 10 Mich, 290; Ayers v. Probasco, 14 Kan. 141; Delaney v. Walker, 79 S. W. 601; Smith v. Pearce, 7 Am. St. Rep. 44; Parks v. Barnett, 16 So. 136; Garr, Scott & Co. v. Collins, supra, Silander v. Gronna, supra, Murphy v. Renner, supra.

Misrepresentation to effect an estoppel must be one of fact. Donner v. Redenbaugh, supra; Chellis v. Coble, 15 Pac. 505; Bigelow on Estoppel, 554; Wright v. DeGraff, 14 Mich. 163; Bigelow on Estoppel, 619; Mayenborg v. Haynes, 50 N. Y. 675.

A void contract does not constitute color of title. Balou v. Bergvendson, 9 N. D. 285, 83 N. W. 10; Power v. Kitching, 10 N. D. 254, 86 N. W. 737; Wood v. Conrad, 50 N. W. 903; Seymoure v. Cleveland, 68 N. W. 171; Colman v. Stalnacke, 88 N. W. 107.

Costs are wholly a matter of statute. 11 Cyc. 24, 25 and 27; Turnquist v. Cass Co. Drain Co. 11 N. D. 514, 92 N. W. 852.

*Palda & Burke,* and *Bosard & Ryerson,* for respondent.

Oral contract for sale of homestead made by both husband and wife and possession taken by purchaser, purchase price paid and valuable improvement put on, will warrant a specific performance Grice v. Woodworth, 69 L. R. A. 584.

Estoppel will be enforced against a married woman. 2 Pom. Eq. Jur. 814.

Any act or word to controvert which would work fraud upon one who acts thereon, estops him who made or spoke it. Davis v. Davis, 26 Cal. 23; Crout v. De Wolfe, 1 R. I. 393; Duell v. Bear R. & A. M. Co. 5 Cal. 85; Mitchell v. Reed. 9 Cal. 204; McGee v. Stone, 9 Cal. 600; Snodgrass v. Ricketts, 13 Cal. 360.

FISK, J. This action was brought to determine adverse claims to a small tract of land described in the complaint and situated

in the city of Minot. Defendant Ekrem answered separately, alleging both a written and an oral contract by the terms of which plaintiffs agreed to sell to him and he agreed to purchase a certain portion of the premises and alleging a part performance thereof on his part. The other defendants, with the exception of Husby and Peterson, answered, but it is unnecessary to state the issues raised by such answer, as they were awarded judgment against the plaintiffs, and the correctness thereof is not challenged by the appellants on this appeal, except as to certain allowances by way of attorney's fees, which will be hereafter noticed. As a result of the trial in the district court judgment was entered in favor of defendant Ekrem, decreeing specific performance of the oral contract of sale alleged by him. Aside from a determination of the correctness of the allowance of attorney's fees, we are called upon only to retry the issues between plaintiffs and the defendant Ekrem.

The facts out of which the dispute arose between plaintiffs and Ekrem are briefly as follows: Plaintiff Nels Engholm became the owner of the property involved, together with something over an acre of land adjoining the same, and about the month of January, 1902, he and his wife, the other plaintiff, established their residence upon said tract of land, the entire tract being inclosed by a fence on all sides, except as bounded by Mouse river. This entire tract constituted their homestead, and was of the value of from $2,500 to $3,000, the buildings thereon consisting of their dwelling house and a barn. In the summer of 1904 Ekrem, with knowledge of the homestead character of said tract, had certain negotiations or talks of an informal character with plaintiffs relative to a sale and purchase of the whole or a portion of the tract, which negotiations continued up to October 6th of that year, on which date on oral contract was entered into, as hereafter stated. On October 7, 1904, plaintiff Nels Engholm and defendant Ekrem entered into a written contract of sale upon the same terms as the oral agreement made the previous day, by the terms of which a portion of said tract, situate in the southwest corner thereof, 150 feet on the south and 200 feet deep, Nels agreed to sell and convey, and Ekrem agreed to purchase, for the consideration of $600, payable as follows: Five dollars cash at the date of the execution of the contract; $95 on December 15, 1904; $250 on November 1, 1905, and $250 on November 1, 1906. Engholm, as party of the first part, agreed that upon the full, prompt and faith-

ful performance of the contract by Ekrem he would convey to him said premises by good and sufficient deed of conveyance with the usual covenants of general warranty. On October 8th plaintiffs sold and conveyed by deed to defendant Peterson a portion of said tract lying north of the portion described in the Ekrem deed. Their dwelling house was situated on the land sold to Peterson, and after such sale plaintiffs continued to live in said dwelling house, paying rent to Peterson for the use thereof, until about Christmas, 1904, when they removed therefrom, and took up their residence in a new dwelling, built, after the sale to Peterson, on that portion of the land left in the southeast portion of said tract. Within a few days after the Ekrem contract was entered into he entered on said premises, and commenced to grub out trees and excavate for a dwelling, and in the latter part of October, 1904, he commenced building a house on the tract claimed to have been purchased by him, his house and plaintiffs' being in the course of construction at the same time, and the following spring Ekrem also built a barn on the tract claimed by him. Plaintiff Marie Engholm did not sign the written contract, and she refused to do so when the same was presented to her a few days later for her signature. On October 28th a receipt for $95 was signed by both plaintiffs and delivered to Ekrem, representing a payment at that time made on the land contract of such sum. Plaintiff Marie at first refused to sign such receipt, and remonstrated against the sale of the land. It is claimed by plaintiffs that her signature thereto was obtained through fraud and misrepresentations, regarding which there appears to be a dispute in the testimony. Marie took no action to prevent the erection of the house by Ekrem, nor did she remonstrate against his holding the premises until the following spring, when plaintiffs attempted to restrain Ekrem from building his barn.

The disputed questions of fact which we are called upon to retry are: First, whether plaintiffs, and especially Marie Engholm, entered into the oral agreement on October 6th to sell to Ekrem the portion of the tract claimed by him, it being contended by plaintiffs that the only contract entered into was the written contract signed only by Nels Engholm and defendant Ekrem, and it is contended by appellants that no agreement, either oral or in writing, was ever entered into for the sale of the particular land claimed by Ekrem; second, whether Marie Engholm's signature to the receipt for $95 aforesaid was obtained through misrepresentations, or

with full knowledge on her part of the facts. It is also contended that the payment of this money was not made to her or to her husband in her presence; and third, whether the facts on which an estoppel be claimed as against plaintiffs, and especially Marie Engholm, are sufficiently established. In appellants' printed argument they first direct our attention to their objections to certain evidence, with the statement that such objections are based upon two general propositions as follows: "First, it appearing that the property in question was a homestead, any evidence attempting to establish a contract of sale is not admissible, except a written instrument signed and acknowledged by both husband and wife; second, no acts of acquiescence or ratification of an oral contract can by way of estoppel supply the place of the statutory form of conveyance." These propositions need not be specially noticed at this time, as they are the same as those involved in the main propositions of law to be hereafter considered. Addressing ourselves to the facts, we will dispose of the controverted questions in the order in which they are presented in appellants' brief.

The trial court's finding No. 9 is the first finding challenged. This finding is, as follows: "That during the summer and fall of the year 1904 the plaintiffs, Nels O. Engholm and Sophia Engholm, were desirous of selling a portion or all of said tract of land embraced in their purchase of Gullison and Watne to J. M. Ekrem, and at various times during the summer, and up to October 7, 1904, each and both of said plaintiffs requested J. M. Ekrem to purchase a portion of said tract, or all thereof, as said Ekrem desired, and had several negotiations with Ekrem in attempting to sell all or a portion of said tract to him, according as he desired to purchase all or a portion of the same, and the said negotiations led up to the execution of the attempted contract of sale, hereinafter set forth, and at the solicitation of each and both of said plaintiffs to purchase a portion or all of said tract said J. M. Ekrem inspected said premises so offered for sale by plaintiffs, and on October 6, 1904, while on said premises, in company with both plaintiffs, said plaintiffs, each and both of them, agreed to sell, and defendant J. M. Ekrem agreed to buy, a rectangular piece of land 150 feet in width and 200 feet long, or four lots each 50x150 feet in area, side by side, and in the southwesterly portion of said tract of land purchased by Engholm from Watne, and lying wholly east of the west boundary fence of said tract as erected by said Gullison prior to

the purchase of said tract by Engholm, and wholly to the east of the strip of land left for highway purposes and afterwards platted as Nedrud avenue as aforesaid; that the agreed purchase price to be paid for said tract of land 200 feet long by 150 feet in width was the total sum of $600, or $150 for each lot 50x150 feet in area; that Nels O. Engholm and Sophia Engholm, his wife, plaintiffs, each and both agreed to sell said tract of land to J. M. Ekrem at said time and place, and J. M. Ekrem agreed with Nels Engholm and wife to purchase said tract for the consideration of $600, and at said time and place paid down on the purchase price of said tract, as a part of the purchase price thereof, the sum of $5, said Ekrem paying the same to Nels Engholm. It was further agreed at the said time and place that the balance of said purchase price shall be payable in amounts and at periods as follows, to wit: Ninety-five dollars during the fall of that year, or before January 1, 1905, $250 during the fall of 1905, and $250 during the fall of 1906; that the last two payments, aggregating $500, should draw interest at the rate of 8 per cent per annum until paid, the first payment of $95 to be without interest." It will be noticed that much of the matter set forth in said finding is merely evidentiary in character, and should have no place in the finding. After eliminating such superfluous matter the ultimate fact found is that on October 6, 1904, plaintiffs jointly agreed with the defendant Ekrem to sell to him on specified terms the property therein specifically described. (This alleged oral contract is the one specifically enforced by the judgment appealed from.) Appellants' counsel attack this finding upon two grounds: First, they contend that the description of the property to be conveyed was too indefinite ;and second, that the burden of proof has not been sufficiently met to warrant the finding that a contract was made by either plaintiff, and especially by Marie Engholm. As to the first ground we think the finding is supported by the evidence. It is true the exact description is left somewhat uncertain by the proof; but, when the evidence is taken as a whole, we are not prepared to say that the finding, in so far as the sufficiency of the description is concerned, is not justified by the evidence, and we think the description sufficiently definite to warrant specific performance of the contract. The second objection urged against such finding is more serious. As stated by appellants' counsel, the rule is that the contract must be "clearly and satisfactorily established in all its terms." Such is the well-settled rule, 2 Pom.

Eq. Rem. § 765, and cases cited. In the light of this rule we have carefully examined the tesitmony, and, without reviewing and analyzing the same at length in this opinion, suffice it to say we are agreed that the finding that such agreement was made is amply supported by the proof.

The eleventh finding is next challenged, upon the ground that it is entirely unsupported by any evidence, but as appellants' counsel in their brief assert that their point on such finding is entirely immaterial, and pass it without argument, we will not notice it further.

Finding 13 is challenged upon the ground that it has no support in the evidence. This objection, in so far as Mrs. Engholm is concerned, is clearly sound. The proof shows that she refused to sign the receipt for the payment of the $95, but was induced to do so by her husband, with Ekrem's knowledge and tacit consent, under the representation that she was merely signing the same as a witness, and she personally received no part of such payment.

Findings numbered 14 (there being two by that number) are challenged in certain particulars; but, as we deem the portions thus challenged wholly immaterial, we pass these objections without further comment.

Finding No. 17, in so far as it finds that both plaintiffs caused notice to be served upon Ekrem to vacate and quit the premises occupied by him, is without support in the evidence so far as Mrs. Engholm is concerned; and the portion of said finding wherein it is found that Engholm practiced fraud and deception in having the written contract changed as to the description of the property lacks any support in the proof.

The next finding, which is also numbered 17, finds that the plaintiffs, and each of them, at the time of the sale of said tract of land to defendant Ekrem, intended to and did abandon all claim thereto as a homestead, and that they, at the time of the sale of the portion of the tract to Peterson, intended to and did abandon their homestead right to such tract, and it further finds that it was the intent of each of the plaintiffs at all times up to and until July 11, 1905, and up to the time of the commencement of this action, to claim, use, and occupy, as and for their homestead solely and only, that portion of said tract not agreed to be conveyed to Ekrem and not sold to Peterson. This portion of the finding is challenged by appellants' counsel upon the ground that it amounts

merely to a conclusion of law. We think this criticism is in part correct. The question of intent is one of fact, but whether they did abandon their claim thereto as a part of the homestead is, we think, a mere conclusion; but, in any event, there is no express testimony to the effect that plaintiffs, or either of them, intended to or did in fact abandon their homestead claim to the tracts aforesaid, and such fact can only be inferred, if at all, from their conduct. Said finding also sets forth that Ekrem paid $100 of the purchase price to the plaintiffs, and that they received and have retained the same. We find no testimony in support of such finding in so far as Mrs. Engholm is concerned. It nowhere appears that she ever received any portion of the money paid to her husband.

The facts, in addition to those not in dispute, and which we think are sufficiently established by the evidence, may be briefly summarized as follows: (1) The homestead of the plaintiffs included the land which they orally agreed to sell to Ekrem on October 6th. (2) Such homestead, at and prior to October 6th, did not exceed two acres in extent, nor $3,000 in value. (3) On October 6, 1904, the plaintiffs orally agreed with the defendant Ekrem for the sale, on specified terms, of the portion of their homestead now claimed by Ekrem, but no written contract to such effect was ever executed by Mrs. Engholm, she refusing to execute such written contract. (4) Mrs. Engholm signed the receipt which has been mentioned supposing she was signing merely as a witness, and this, with the personal knowledge of Ekrem, and she was induced to do so through deception practiced upon her by her husband, with the knowledge and tacit consent of defendant. (5) Prior to the erection of the buildings by defendant Ekrem he had knowledge of Mrs. Engholm's refusal to sign any paper for the purpose of disposing of said tract claimed by defendant. Prior to acquiring such knowledge Ekrem had done some grubbing upon the land preparatory to building thereon. In the light of the foregoing facts we will now consider the legal propositions advanced by appellants' counsel.

They first contend that the alleged oral contract was too indefinite as to description of property, and that the evidence to establish it is not of that clear and satisfactory character to warrant the court in specifically enforcing the same. As before stated, we think these contentions are unsound. They have been sufficiently disposed of in the preceding portion of this opinion, and hence they will not be further noticed at this time.

—13—

It is their next contention that, by section 5052, Rev. Codes, a contract for the conveyance of the homestead of a married person which is not in writing and, jointly signed and acknowledged, is absolutely void, and hence they argue that the oral agreement was void, and that there is, as a matter of law, no contract upon which the doctrine of part performance can operate. And they also assert, in effect, that the doctrine of estoppel cannot be made available to supply the place of the statutory conveyance; that an estoppel cannot be predicated on a void conveyance of a homestead. It is of course manifestly true that the alleged oral contract of sale was void under the statute of frauds; it not being in writing. It is equally true that, because of the homestead character of the land, the written contract of Nels O. Engholm, in the absence of his wife's signature, was a nullity. What, then, are the rights of the parties under the facts aforesaid? Can the equitable doctrine of estoppel by conduct be invoked in respondent's behalf? If, as appellants' counsel contend, this question must be answered in the negative, then a wrong has been suffered by respondent for which he may have no adequate remedy. The appellants by their conduct induced respondent to pay a portion of the purchase price and to enter into possession of the premises in good faith and to make valuable improvements thereon. Upon the plainest principles of justice respondent should be held to be the equitable owner of the premises, and appellants should not be permitted in a court of equity to deny such ownership in him. Neither the statute of frauds nor the various statutory provisions enacted for the protection of a homestead claimant can be held to do away with the general equity doctrine of estoppel in pais. While it is true some courts have held to the contrary, the weight of modern authority is to the effect that the doctrine of equitable estoppel will be applied to a married woman as well as to a feme sole. The doctrine is not invoked to render valid a contract which is void under the statute of frauds or under statutes for the benefit and protection of the homestead claimants, but it is invoked to prevent the successful perpetration of fraud by preventing wrongdoers from urging the provisions of such statutes to shield them in their tortious conduct. We are agreed that under the facts as disclosed by this record the appellants should be, and are, estopped from asserting title to the premises as against the respondent. In support of our conclusion on this point we call attention

to Grice v. Woodworth, 10 Idaho, 459, 80 Pac. 912, 69 L. R. A. 584, 109 Am. St. Rep. 214, and the numerous cases cited; Galbraith v. Lunsford, 87 Tenn. 89, 9 S. W., 365, 1 L. R. A. 522; and 2 Pom. Eq. Jurisprudence, § 814 and cases cited. The Idaho case is directly in point, under a statute relating to the conveyance and incumbrance of the homestead identically the same as section 5052, Rev. Codes 1905, of this state. Among other things, the court said: "The verbal agreement for the transfer of the homestead in question was assented to by both husband and wife, and was followed by change of possession and permanent improvement placed thereon by the purchaser and a payment of the purchase price. Those acts operated to transfer the equitable title to the appellant. That being true, a court of equity will compel the respondent to convey the legal title to the appellant." The decision was placed upon the ground of estoppel or waiver, and not upon the principle of abandonment. In speaking of the doctrine of equitable estoppel as applied to married women the court quotes approvingly from 2 Pom. Eq. Jur. (3d. Ed.) § 814, as follows: "Upon the question how far the doctrine of equitable estoppel by conduct applies to married women, there is some conflict among the decisions. The tendency of modern authority, however, is strongly toward the enforcement of the estoppel against married women as against persons sui juris, with little or no limitation on account of their disability. This is plainly so in states where the legislation has freed their property from all interest or control of their husbands, and has clothed them with partial or complete capacity to deal with it as though they were single. Even independently of this legislation there is a decided preponderance of authority sustaining the estoppel against her, either when she is attempting to enforce an alleged right, or to maintain a defense." The foregoing text is supported by the citation of numerous modern authorities, both English and American, and that it states a correct rule we entertain no doubt. The opinion in Galbraith v. Lunsford, supra, is, to our minds, a very clear and sound exposition and treatment of the question here involved, and the same meets with our full approval. The gist of the decision in that case is that there is no exception as to married women in the application of the principle of equitable estoppel, and that actual and positive fraud at the time of the act set up as constituting the estoppel is not essential to the application of

the doctrine of estoppel; it being sufficient that the act relied on constitutes constructive fraud.

We are convinced that the facts in the case at bar are clearly sufficient to bring the case within the rule above stated. The verbal agreement for the sale of these lots was entered into voluntarily by both of the plaintiffs, and was followed by delivery of possession to the grantee, who, with full knowledge of the wife, and with her tacit consent and acquiescence, made valuable improvements thereon and paid a portion of the purchase price. Thus defendant Ekrem became the equitable owner of the property, and it would operate as a constructive fraud upon his rights to permit plaintiffs to succeed in their purpose to divest him of such ownership. It was never intended that the homestead laws should be so construed as to permit their owners to perpetrate a fraud, either actual of constructive, upon the rights of others. In reaching the above conclusion we have not overlooked any portion of the very able and learned argument presented by appellants' counsel dealing with the question of the essential requisites of an estoppel in pais or the authorities cited in support thereof, but we deem it of no beneficial use to enter into a detailed discussion of those questions or of the numerous authorities cited, or to add anything further to what we have above stated in support of our conclusion that the doctrine of estoppel is applicable to the facts as we find them to exist. Our conclusion on the foregoing question also renders a consideration of the question of abandonment unnecessary.

The only remaining point to be disposed of relates to the allowance in the judgments of certain costs, by way of attorneys' fees, in favor of the defendants, Ekrem, Zion Church, and city of Minot; the sum of $75 being allowed to the first-named defendant, and the sum of $25 to each of the others. Appellants contend that the trial court erroneously allowed these items. That this contention is correct we fully agree. Costs are wholly the creature of statute and hence are not allowable in the absence of an express statute permitting such allowance. 11 Cyc. 24, and 5 Encyc. of Pl. & Pr. 110, and numerous cases cited. Turning to our statute (sections 7173-7179, Rev. Codes 1905) we find no warrant therein for the allowances here complained of. By the provisions of these sections certain items termed "costs" are allowable by way of indemnity for expenses in the action, but nowhere is there any provision for the allowance of attorneys' fees as such. In actions such as this the

costs specified in section 7174 may be allowed to either party in the discretion of the court, under section 7179, Rev. Codes 1905, but the court has no power under this section, or under any other section, to award costs not expressly authorized by statute. The judgment awarding these items must therefore be modified according to the views here expressed.          ,

As thus modified the same will be and is hereby affirmed. All concur.