(108 N. W. 36.)

---

B. S. BRYNJOLFSON, RESPONDENT, v. CHRSITINA DAGNER ET AL., APPELLANTS, AND MORTGAGE BANK & INVESTMENT CO., THE GUARANTY CO. OF NORTH DAKOTA AND A. B. GUPTIL AS RECEIVER OF MORTGAGE BANK & INVESTMENT CO., NON-APPEALING DEFENDANTS.

Opinion filed February 3, 1906.   Rehearing denied September 5, 1906.

### Adverse Possession — Purchaser at Void Foreclosure Sale.

1. The possession of land by one who claims title under a warranty deed from the purchaser at a foreclosure sale is adverse, even though the foreclosure sale may be void.

**Same.**

   2. The fact that the grantee of the purchaser at a void foreclosure sale may be deemed in equity to be a mortgagee in possession does not make him such in fact, so that his possession under his supposed valid claim of title is not to be regarded as adverse to the mortgagor.

**Estoppel by Deed.**

   3. The grantor in a warranty deed who holds a previously existing mortgage on the granted premises cannot assert any rights as a mortgagee against his grantee; and one who subsequently acquires the mortgage from such grantor is in no better position unless he shows himself entitled to the protection accorded to innocent purchasers.

**Evidence — Best and Secondary.**

   4. Parol evidence that a given note was secured by a real estate mortgage is incompetent, where no reason appears for the nonproduction of the instrument, or an authenticated copy thereof.

**Champerty and Maintenance.**

   5. Evidence examined, and *held,* that the deed upon which plaintiff bases his claim of title is void because given and received in violation of section 7002, Rev. Codes 1899.

Appeal from District Court, Bottineau county; *Palda, J.*

Action by B. S. Brynjolfson against Christina Dagner and others. Judgment for plaintiff, and defendants appeal.

Reversed and remanded.

*A. Besancon* and *Newman, Holt & Frame,* for appellants.

Deed from one, while others are in adverse possession which they have asserted, and received rents and profits for over a year ,is void. Rev. Codes 1899, section 7002, and section 3920; Galbraith v. Paine, 12 N. D. 164, 96 N. W. 258; Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77.

Failure to make inquiry of one in possession of land, charges one with knowledge of all that such inquiry would reveal. Thompson v .Pioche, 44 Cal. 508; Fair v. Stevenot, 29 Cal. 486; Davis v. Baugh, 59 Cal. 569; Lestrade v. Barth, 19 Cal. 66; Metropolitan Bank v. Godfrey, 23 Ill. 531; Williams v. Brown, 14 Ill. 205.

Where a party's conduct has induced action by another, he is precluded from asserting to the prejudice of that other, that which is contrary to what his conduct has induced the belief. Hill v. Epley, 31 Pa. St. 331; Coogler v. Rogers, 7 So. 391; Wise v. Newat-

ney, 42 N. W. 339; Birch v. Steppler, 18 Pac. 530; Ratcliff v. Belford, I. W. Co., 10 S. W. 365; Gruber v. Baker, 23 Pac. 858.

One in priority with one so inducing is likewise estopped. Snodgrass v. Ricketts, 13 Cal. 360; Coogler v. Rogers, supra; Ions v. Harrison, 44 Pac. 572; Mull v. Orme, 67 Ind. 95; Stinchfield v. Emerson, 52 Me. 465; S. C., 83 Am. Dec. 524.

*Tracy R. Bangs* and *Chas. M. Cooley,* for respondents.

Purchaser at a void foreclosure sale under a power is an assignee of the mortgage sought to be foreclosed. Finlayson v. Peterson, 89 N. W. 855, 11 N. D. 45; Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261; Anderson v. Minn. L. & T. Co., 71 N. W. 665; Johnson v. Sandhoff, 14 N. W. 889; Rogers v. Benton, 38 N. W. 765; Smithson, etc., Land Co. v. Brantigan, 47 Pac. 434; Stillman v. Rosenberg, 78 N. W. 913; Taylor v. Agr'l & Mechanical Ass'n, 68 Ala. 229; Sawyer v. Barker, 77 Ala. 461; Stallings v. Thomas, 18 S. W. 184; Robinson v. Ryan, 25 N. Y. 320; Miner v. Beckman, 50 N. Y. 337; Investment Securities Co. v. Adams, 79 Pac. 625; Eq. Mtge. Co. v. Gray, 74 Pac. 614; Stauffer v. Harlan, 74 Pac. 610.

A deed on such purchase constitutes the purchaser equitable assignee of the mortgage. Finlayson v. Peterson, supra; Cooke v. Cooper, 22 Pac. 945; Jackson v. Bowen, 7 Cow. 13; Olmsted v. Elder, 4 N. W. Super. Ct. (2d Sanf.) 325; Holton v. Boweman, 19 N. W. 734; Rogers v. Benton, supra; Brynjolfson v. Osthus, supra.

A conveyance of land held in adverse possession to a creditor having a lien thereon is not void under the statutes against maintenance. Tutwiler v. Atkins, 17 So. Rep. 394.

The possession of a mortgagee is never adverse to the owner of the legal title, unless he has repudiated the relation and asserted absolute title in himself. 2 Jones on Mort., section 1152; Chalmers v. Wright, 28 N. Y. Sup. Ct. 713; Finn v. Laley, 37 N. Y. S. 437; Borst v. Boyd, 3 Sandf. Ch. 501; Gordon v. Lewis, Fed. Cas. 5613 (2 Sumn. 143) 1835; Waggner v. Dyer, 11 Leigh, 384; Steed v. Baker, 13 Gratt. 378.

To effect an estoppel in pais the same facts must co-exist as would be necessary to constitute a cause of action for deceit. Brigham Young Trust Co. v. Wagner, 40 Pac. 764; Roberts v. Trammel, 40 N. E. 162; 11 Am. & Eng. Enc. Law, 431; Blodgett

v. Perry, 10 Am. St. 307; Roberts v. Trammel, supra; Bynum v. Preston, 5 Am. St. 49; Martin v. Zellerbeck, 99 Am. Dec. 35, 38 Cal. 300; Newman v. Hook, 90 Am. Dec. 378; Ross v. Banta, 34 N. E. 865; Underwood v. Deckard, 70 N. E. 383; Sup. Tent v. Stensland, 68 N. E. 1098; 99 Am. St. 137; Fredenburg v. Lyon Lake M. E. Church, 37 Mich. 476, 11 Am. & Eng. Enc. Law, page 424, note 2.

Knowledge is essential on the part of the person to be estopped. Anderson v. Hubbell, 93 Ind. 570.

An estoppel does not occur where both parties have equal knowledge. McPherson v. Rollins, 1 Am. St. 826; Morrill v. St. Anthony Falls W. P. Co., 26 Miss. 222; Tinsley v. Fruits, 51 N. E. 111; Blodgett v. Perry, 10 Am. St. 307; Brant v. Virginia C. & I. Co., 93 U. S. 326, 23 L. Ed. 927.

To work an estoppel representation must be with intent to deceive. Griffith v. Brown, 18 Pac. 372; Brant v. Virginia C. & I. Co., supra.

Party must have relied on the representations. Halcomb v. Boynton, 37 N. E. 1030; Lincoln v. Gay, 42 N. E. 95; Jewell v. Miller, 61 Am. Dec. 751; Colo. Fuel & Iron Co. v. Lenhart, 41 Pac. 834; O'Mulchay v. Knapp, 28 Minn. 31; Dean v. Crall, 57 N .W. 813; Coffelt v. First Natl. Bank, 35 Pac. 289; Priewe v. Wis. State L. & I. Co., 89 N. W. 780; Lingonner v. Ambler, 62 N. W. 486; Mullaney v. Duffy, 33 N. E. 750; Gillespie v. Gillespie, 42 N. E. 305.

ENGERUD, J. This is an appeal from a final judgment in plaintiff's favor, and is before us for review on all the issues, under section 5630, Rev. Codes 1899.

The plaintiff alleges that he is the owner in fee of the quarter section of land in question, and the action was brought for the threefold purpose of quieting his title, recovering possession and redeeming the land from a mortgage. The defendants, who have appealed, are the heirs at law and the administrators of the estate of one Gottlieb Dagner, deceased, who, in his lifetime was in the exclusive possession of the land, claiming title thereto under a warranty deed from the Mortgage Bank & Investment Company, executed and delivered to him in January, 1893. Gottlieb Dagner died in February, 1896, intestate, and his heirs or the administrator of his estate, who is also an heir, have remained in possession of the premises since that time, claiming title under

the deed aforesaid.  Among other defenses pleaded, these defendants deny the plaintiffs' alleged title on the ground that the deed under which he claims is void because executed and accepted in violation of section 7002, Rev. Codes 1899.  We think this defense must be sustained, and it is therefore unnecessary to discuss the other questions in the case.

The common source of title is one Hans K. Libak, who, it is conceded, still owns the land, unless his title has been acquired by one or the other of the contestants in this litigation.  In 1889 Libak mortgaged the land to the Mortgage Bank & Investment Company to secure a debt of $550.  This mortgage and debt was assigned by the mortgagee to Asa W. Kennedy, and the assignment was recorded, as also was the mortgage.  In 1891 the original mortgagee, notwithstanding the assignment, undertook to foreclose the mortgage by advertisement, and at the pretended sale bid in the land, and subsequently in October, 1892, received a deed purporting to convey to it the land in question pursuant to the foreclosure sale after the time for redemption had expired. The Mortgage Bank & Investment Company, claiming title under this pretended foreclosure, sold and conveyed the land by warranty deed with full covenants to said Gottlieb Dagner, since deceased.  The deed was delivered in January, 1893.  Dagner bought in good faith, believing the title good, and paid full value.  It is, of course, conceded that Dagners' grantor had no title to convey, but the appellants claim that by reason of certain alleged written statements made by Libak the latter is estopped to question Dagner's title.  Libak, apparently intending to abandon the land to his creditors, left the land in 1890 or 1891, and went to Oregon, where he has since resided.  The respondent subsequently discovered the defect in Dagner's title, and in 1899 induced Libak to execute and deliver the deed of the land under which he now claims title, and the right to the relief sought in this action, which was not commenced until 1903.  The consideration for the deed in question was $35 in cash and the surrender of certain notes, which will be referred to later.  It is conceded that Libak had not asserted any right to the land since he abandoned it until he gave the deed in question, and the proof is conclusive that he never intended to assert any right to the land until he was solicited to execute that instrument.  The plaintiff had not only constructive but actual notice of Dagner's adverse claim before he

took the Libak deed. That the transaction by which the deed was obtained, and which ultimately gave birth to this lawsuit, was necessarily productive of the very evil which the rule of law embodied in section 7002 was designed to prevent, is too plain for question. Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258; Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77.

Respondent, however, contends that he is not within the law against maintenance for two reasons: First, because Dagner in his lifetime, and after his death the present appellants, were merely mortgagees in possession, and hence could not claim adversely to Libak; and, second, because the respondent was the owner of certain notes secured by mortgage of the land, and could lawfully extinguish the owners' right of redemption by surrendering his lien in exchange for an estate in fee simple.

The proposition that Dagner and his heirs held as mortgagees in possession is based on the fact that after Dagner had accepted the deed from the Mortgage Bank & Investment Company the latter purchased and procured a reassignment to itself of the mortgage previously assigned to Kennedy. This mortgage, which was the same one which the investment company had pretended to foreclose, contained a clause authorizing the mortgagee or its assigns to take possession of the premises in case of default. It appears that the investment company took the reassignment on the theory that such reassignment would cure the foreclosure and validate the title of the company's grantee. It may be true that Dagner was in a position to claim the rights of a mortgagee in possession by reason of the facts just mentioned, and that a court of equity would, if the circumstances required it, sustain that claim, in order to protect and adjust the rights of the parties with respect to the land. Counsel, however, falls into the error of assuming that Dagner was in fact a mortgagee in possession, because a court of equity might treat him as such under certain circumstances. There is a wide distinction between an actual mortgagee in possession and one who in equity may be dealt with as such in order to afford equitable relief. The fiction by which an adverse claimant is deemed a mortgagee in possession is resorted to and applied after the adverse claim is found to be invalid, but the defeated claimant is nevertheless entitled to equitable relief. In short, in order to place appellants in the position of mortgagees in possession, we must first decide that their adverse

claim is invalid. It will be seen, then, that respondent's argument is utterly illogical. It not only virtually admits the adverse possession, which is the very fact which it seeks to disprove, but also assumes that plaintiff can question the validity of the adverse claim, which is the very thing which section 7002 forbids one in his position to do.

We think the second proposition is equally untenable. It appears that the respondent had obtained possession of two notes executed by Libak. When he got them and how much he paid for them was not disclosed by the evidence. One of these notes was for $200, due in 1890, and made payable to the order of Libak, the maker. There had been paid on this note in 1890 $186.75. The other note was for $140, signed by Libak, and payable to the Mortgage Bank & Investment Company, and was due in 1890. The $140 note was secured by a mortgage of the land in question. Respondent testified that the $200 note was secured in like manner, but Libak testified to the contrary. Respondent did not produce the alleged mortgage or a record copy of it, or account for its nonproduction. His testimony that the note was secured by mortgage of the land in question was duly objected to as incompetent, and must be disregarded for that reason. In addition to these notes, the respondent also had several of the coupon notes representing the interest on the $550 mortgage debt hereinbefore mentioned. All these notes were surrendered to Libak in part consideration for the deed. Respondent contends that by virtue of his ownership of these notes he was the owner of the mortgage securing them, and that section 7002 does not apply to a mortgagee who takes a deed from the mortgagor in satisfaction of the debt. Whether this is true or not we need not decide, because, as we view the facts, the respondent is not in a position to avail himself of that rule, even if it were good law. The only notes proven to be secured by mortgage on the land were the $140 note and the coupons. All these notes so secured were payable to the Mortgage Bank & Investment Company, who executed and delivered to Dagner the warranty deed for the land upon which it held these mortgages. It is obvious that the warranty deed estopped this company to make any claim under these mortgages as against its grantee or his representatives, and it is also equally clear that its assignee is in no better position unless he is a bona fide purchaser for value without actual or constructive notice of the

equities existing in Dagner's favor. There is no evidence whatsoever to show that the respondent is in that position. We hold, therefore, that the respondent is within both the spirit and letter of the statute against maintenance, and acquired no title by the deed, and cannot maintain this action.

The judgment is reversed, and the cause will be remanded, with directions to render judgment dismissing the action, with costs of both courts. All concur.

