MOHALL STATE BANK, a Corporation, v. DULUTH ELEVATOR COMPANY, a Corporation, and Monarch Elevator Company, a Corporation, Its Successor.

(161 N. W. 287.)

Chattel mortgage — holder of — elevator agent — mortgagor — delivery of grain — covered by — mortgagee — sale induced by — permits payment — by agent — to mortgagor — silence as to mortgagee — remaining — demand for grain — thereafter — by mortgage — estoppel.

Where the holder of a chattel mortgage is requested by an elevator agent to induce the mortgager to deliver grain covered by such mortgage to the elevator operated by such agent, and subsequently stands by and sees the grain sold and delivered to such agent, and permits payment therefor to be made to the mortgagor without informing the purchaser of the mortgage lien, and makes no demand for either the grain or the proceeds thereof until more than two years after the grain has been sold and delivered, he is estopped from asserting any lien under such mortgage against the elevator company.

Opinion filed January 20, 1917.

From a judgment of the County Court of Renville County, *Crewe, J.*, plaintiff appeals.

Affirmed.

*Grace & Bryans,* for appellant.

An action for conversion may be brought at any time within six years after the date of the conversion. Comp. Laws 1913, § 7375.

The demand here made for the grain in question was made within a reasonable time. There is no conversion until demand and refusal. Demand made on the agent in charge is a sufficient demand on the defendant companies. Sanford v. Duluth & D. Elevator Co. 2 N. D. 6, 48

N. W. 434; Seymour v. Cargill Elevator Co. 6 N. D. 444, 71 N. W. 132.

Estoppel is not pleaded by defendants. 38 Cyc. 2075, and cases cited under note 50.

The value of the grain is established as of the date of the conversion. This is sufficient. Citizens Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335, 131 N. W. 266; Comp. Laws 1913, § 7168.

*Purcell & Divet,* for respondent.

Where a party plaintiff fails to make out a case, the court may—often does—without waiting for a motion, direct a verdict. "The fact that some particular ground is not stated in the motion, in such a case, is of no moment, if the motion is correctly granted. Ruehl v. Lidgerwood Rural Teleph. Co. 23 N. D. 6 (18), L.R.A. —, —, 135 N. W. 793, Ann. Cas. 1914C, 680.

The amount involved in this controversy exceeds the jurisdiction of the county court. This is a jurisdiction concerning the subject-matter, and cannot be conferred by consent. It may also be first challenged in the supreme court. Plumket v. Evans, 2 S. D. 434, 50 N. W. 961; Finn v. Walsh, 19 N. D. 69, 121 N. W. 766.

No remission of amounts can be made to vest the court with jurisdiction after the commencement of the action. Gillett v. Richards, 46 Iowa, 652; Plumket v. Evans, 2 S. D. 434, 50 N. W. 961; Albaugh Bros. Dover Co. v. White, 22 Ann. Cas. 1284, note.

Plaintiff waived its lien, and is estopped to maintain conversion against defendant—one of the principal officers of the plaintiff bank, at the time of the delivery of the grain to defendant, had full knowledge of such delivery, knew of the mortgage to his bank, was present when the grain was delivered, and took no steps to apprise defendant of the fact that the bank had a claim on the grain, but remained silent. No demand for the grain was made in any reasonable time. Pickert v. Rugg, 1 N. D. 230, 46 N. W. 446; First Nat. Bank v. Minneapolis & N. Elevator Co. 8 N. D. 430, 79 N. W. 874.

The acts of the plaintiff show a clear intent to allow the mortgagor to dispose of the property, and amount to a waiver of the lien of the mortgage. New England Mortgage Secur. Co. v. Great Western Elevator Co. 6 N. D. 407, 71 N. W. 130; Peterson v. St. Anthony & D.

Elevator Co. 9 N. D. 55, 81 Am. St. Rep. 528, 81 N. W. 59; Jones, Chat. Mortg. § 466; Thompson v. Blanchard, 4 N. Y. 303.

CHRISTIANSON, J.  Plaintiff seeks to recover of the defendant damages for alleged unlawful conversion of grain.  The undisputed facts are as follows: One Sleeper, the president and an active officer of the plaintiff bank, was the owner of certain lands in Renville county.  In 1912 he leased these lands to one Campbell.  Under the terms of the lease the grain produced was to be divided in the fall of 1912 between Sleeper and Campbell.

Campbell executed and delivered to the plaintiff bank a chattel mortgage upon his share of the grain.  In the fall of 1912, the agent of the defendant elevator company saw Mr. Sleeper and requested that Sleeper use his influence with Campbell to induce him to sell his share of the grain to the defendant.  Sleeper, who as already stated was the owner of the land and president of the bank and one of its active officers, had personal knowledge of the fact that Campbell hauled his share of the grain to the defendant elevator company.  In fact, he admits that he was present at the time a considerable portion thereof was delivered at the elevator of the defendant.  He admits that he at no time informed the defendant that the plaintiff had a mortgage upon this grain, although he admits that he had personal knowledge of the existence of such mortgage.  The evidence further shows that the chattel mortgage of the plaintiff bank also covered certain other personal property, and that on November 24, 1914, the plaintiff released two mules covered by this mortgage.  The defendant had no personal knowledge or notice of the existence of the chattel mortgage, and no demand was made upon it by the plaintiff until the 27th day of February, 1915, when a demand was made upon the defendant by registered mail, and subsequently about April 15, 1915, written demand was served upon its agent at Mohall. The only evidence of value offered by the plaintiff was the market value of the grain in March and April, 1915.  At the conclusion of plaintiff's case in chief the court directed a verdict for the defendant for a dismissal of the action, and the plaintiff has appealed from the judgment.

The sole question presented on this appeal is whether under the undisputed facts, defendant was entitled to a directed verdict.  It is a maxim of our jurisprudence that "one must not change his purpose to

the injury of another" (Comp. Laws, § 7246). And "when one of two innocent persons must suffer by the act of a third, he by whose negligence it happened must be the sufferer" (Comp. Laws, § 7277). And estoppel is fundamentally based upon the idea that "he who is silent when conscience requires him to speak shall be debarred from speaking when conscience requires him to keep silent." 16 Cyc. 681. See also Branthover v. Monarch Elevator Co. 33 N. D. 454, 156 N. W. 927.

By applying these principles to the case at bar, we reach the conclusion that plaintiff is estopped from asserting its mortgage lien against the defendant herein.

Judgment affirmed.

GRACE, J., being disqualified, did not participate.