RAVINIA STATE BANK, Respondent, v. KIRKPATRICK, Appellant.

(173 N. W. 863).

(File No. 4529. Opinion filed August 15, 1919).

1. Estoppel—Mortgages—Land Sale Contract, Foreclosure Against Vendee—Crop Rent From Vendee's Lessee, Vendor's Right to Versus Undisclosed Mortgagee of Crop, Acquiescence by Bank, Authority of Bank Mortgagee's Agent Extending Time for Purchase Payments, Waiver of Estoppel By.

In land vendor's suit to foreclose vendee's right under a defaulted contract of sale, the vendor agreed, in a stipulation regarding the suit, to extend the time for making deferred payments, vendee agreeing that his share of crops raised on the premises by his tenant should be delivered to vendor and credited on the sale contract. Prior to execution of the contract cashier of bank mortgagee of vendee's share of the crops, in a conference with vendor and vendee, advised mortgagor to execute said settlement agreement and acquiescenced in its terms, no mention being made of the chattel mortgage, vendor having no knowledge thereof except that imparted by its record, and would not have signed the extension agreement had he known of its existence. Held, that trial court erred in adjudg-

ing recovery in bank's favor as against vendor; that it was fairly inferrable that cashier was advising vendee because of the latter being bank's debtor; and that he was acting in the interest and in behalf of the bank and within the scope of his general business authority as such manager; that he thereby waived bank's mortgage lien, as against vendor, and the bank was thereby estopped to enforce its mortgage.

2. Mortgages—Chattel Mortgage on Vendee's Share of Tenant's Crop, Filing of, Vendor's Constructive Notice of, Effect re Vendor's Right to Crop Share as Against Mortgagee.

Where land vendor had no actual or personal knowledge of existence of a bank's mortgage on vendee's share of his tenant's crop grown on the land, filing of the mortgage gave only constructive notice. So held, as between vendor and a bank mortgagee of vendee's share of his tenant's crop grown thereon, whose cashier advised vendee to execute a contract with vendor under which said share was to stand to the credit of vendor, the cashier giving no information to vendor of existence of the mortgage; that the bank thereby waived its mortgage lien.

3. Corporations—Bank Corporation, Representations, Silence, Estoppel By Rule re Same as Individuals—Estoppel In Pais.

As a general rule corporations, same as individuals, must carefully adhere to truth in their dealings, and cannot either by representations or silence involve others in engagements, then defeat just expectations caused by such conduct; the general doctrine of equitable estoppels in pais operating against corporations same as against natural persons.

Appeal from Circuit Court, Charles Mix County. Hon. Robert B. Tripp, Judge.

Action by Ravinia State Bank, a corporation, against John B. Kirkpatrick, to foreclose defendant's right under a land sale contract. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and remanded with directions.

*F. B. Morgan,* and *C. M. Stillwill,* for Appellant.

*J. E. Tipton,* for Respondent.

(1)  To point one of the opinion, Appellant cited:

Minneapolis Machine Co. v. Calhoun, 159 N. W. 127, 37 S. D. 542; 16 Cyc. 760. (Note); Bigelow on Estoppel § 648; Branthover v. Monarch Elevator Co., (N. D.) 156 N. W. 927.

(3)  To point three, Appellant cited:

10 Cyc. 1065.

McCOY, J.   The controversy in this action was submitted to the trial court upon an agreed statement of facts, and judgment rendered in favor of paintiff, from which judgment the defendant appeals on the ground that the judgment is not sustained as a matter of law by such facts.

From the statement of facts it appears that in November, 1914, the appellant was the owner of a certain quarter section of land, and entered into a contract to sell the same to one Remillard; the purchase price of $10,400 being payable upon certain specified installments.   Said contract provided that Remillard should have possession of said land, and be entitled to the use, rents, and profits therefrom on and after March 1, 1915.   Remillard went into possession and farmed said land during the season of 1915, making the first payment of $300, and made the second payment of $500, excepting $113.40 thereof, and at no time made any other payments on said contract.   Prior to the 1st day of March, 1916, Remillard leased said land to one Beam, who went into possession under a lease agreeing to deliver to Remillard two-fifths of the crops grown on said land as rent.   About the 1st of April, 1916, Remillard being in default, appellant commenced an action against him to foreclose his rights under said contract under the provisions of chapter 138, Laws of 1913, and served notice upon Beam of the pendency and purpose of said action.   Remillard, after being served with summons in said action, advised with one Boynton, who was cashier and active manager of the business affairs of the plaintiff bank.   He advised with Boynton with reference to said action and the employment of an attorney to defend the same, and thereafter Remillard interposed an answer alleging that by reason of improvements he had made on said land the appellant had agreed to extend the time of said past-due payments under said contract.   On the 8th day of May, 1916, Remillard executed and delivered to the respondent bank a chattel mortgage to secure the payment of a pre-existing debt of $360 owing to said bank by said Remillard upon, among other things, the two-fifths interest in said crops of Remillard under the lease to said Beam and which mortgage was on the 9th day of May, 1916, duly filed for record.   On the 25th day of September, 1916, appellant and Remillard entered into a settlement agreement in relation to said action, which stipulation

in substance, so far as the same is material to this controversy, is as follows:

It is hereby stipulated and agreed by the above-named parties that this action be dismissed without taxation of costs on the following conditions, and said parties do hereby stipulate as follows:

(1) The said Kirkpatrick agrees that the time for making any and all payments under the contract sued upon in said action may be extended to and until February 1, 1917.

(2) The said Remillard agrees and promises that his share of the crops raised on the said premises by the tenant Beam for the year 1916 be delivered by said Beam to said Kirkpatrick, and to be by him credited on the payments now due under said contract, it being agreed that said crops shall be marketed as soon as possible, and that Remillard receive credit for the market value thereof.

On the day prior to the execution of said settlement agreement the said Remillard and Boynton met at the office of Morgan, attorney for appellant, and mutually discussed the terms of said proposed settlement, and the proposed terms and conditions thereof, and, after having discussed the same, the said Boynton advised Remillard to execute the same and consented thereto and acquiesced in the said terms thereof, and no mention was made by either Boynton or Remillard to the existence of said chattel mortgage, and neither appellant nor his attorney had any knowledge of the existence thereof, except that imparted by the fact that the same was of record. Appellant would not have signed said stipulation had he known of the existence of said mortgage.

It is urged by appellant that the trial court erred in adjudging that respondent bank recover of appellant the value of the said two-fifths of said crops. It is the contention of appellant that the respondent, under the circumstances of this case, is estopped from asserting its said mortgage lien against the appellant.

[1] On the other hand, it is contended by respondent that in advising Remillard in relation to his contract with appellant Boynton was not acting within the scope of his authority as manager of the business affairs of said bank. We are of the opinion that it may be fairly inferred that Boynton was advising Remil-

lard in his business affairs by reason of the fact that he was a debtor of the bank, it had an interest in his business transactions, that, while so advising, Boynton was acting in the interest and on behalf of the bank, and within the scope of his general business authority as such manager. There is no other reason shown, or even suggested by the record, as to why Boynton acted as an advisor of Remillard.

[2, 3] It is conceded that appellant had no actual or personal knowledge of any nature whatsoever of the existence of respondent's mortgage. The filing of the mortgage gave only constructive notice. We are of the opinion that when Boynton, under the circumstances of this case, stood by and took part in the settlement transaction whereby Remillard transferred to appellant his interest as landlord in the two-fifths crops so raised by Beam, he thereby waived plaintiff's said mortgage lien, and thereby respondent became estopped to thereafter enforce said mortgage lien against appellant. As a general rule corporations, the same as individuals, are held to careful adherence to truth in their dealings, and cannot either by representation or silence involve others in engagements, and then defeat the just expectations which their conduct so caused to be brought about. The general doctrine of equitable estoppels in pais operate against corporations in like manner as against natural persons. 10 Cyc. 1065; Thomp. Corp. §§ 5246, 5247. Corporations can only act and do business by and through their officers and agents. Boynton, being cashier and manager of the affairs of respondent bank, was its vice principal, and whenever acting in the interest and on behalf of said corporation bank his acts were the acts of the corporation, whether such acts actually took place within the bank building or elsewhere. The case of Mohall State Bank v. Duluth Elevator Co. (N. D.) 161 N. W. 287. in principle is directly in point. In that case the president of a bank stood by and took part in a transaction whereby the elevator company purchased grain upon which the bank held a mortgage. The said bank president made no mention of the fact of the bank's mortgage. In that case the court applied against the bank the equitable doctrine of estoppel in pais that—

"He who is silent when conscience requires him to speak,

shall be debarred from speaking when conscience requires him to keep silent."

We are of the opinion, and so hold, that the respondent, under the circumstances of this case, is estopped from asserting its mortgage lien against appellant, and that the learned trial court erred in rendering judgment on the stated facts in favor of plaintiff.

The judgment appealed from is reversed, and the cause remanded, with directions to enter judgment in favor of appellant dismissing respondent's cause of action upon the merits.