THE STATE OF NORTH DAKOTA, Doing Business as The Bank of North Dakota, a Corporation, Appellant, v. MINNIE STOELTING, Benjamin Stoelting, The First National Bank, a United States Corporation, of Buffalo, North Dakota, Respondents.

(208 N. W. 101.)

**Homestead — husband conveyed homestead to wife who mortgaged same to bank of which husband is officer to take up his overdraft; wife and second mortgagee, with notice of first mortgage, held estopped to assert invalidity of mortgage given by wife.**

In an action to foreclose a real estate mortgage covering a homestead, where it appeared that the property had been conveyed by the husband to the wife and at or about the same time mortgaged by the wife to a bank of which the husband was president and a director, and where the proceeds of the mortgage were applied to take up an overdraft of the husband and to give him a cash balance which was later expended by him, and where the husband and wife later joined in a mortgage to a third party who had notice of the first mortgage, it is *held*, for reasons stated in the opinion, that the mortgagor and the second mortgagee are estopped, as against an assignee of the first mortgage, to assert its invalidity as a mortgage upon the homestead.

Opinion filed March 3, 1926.

Homesteads, 29 C. J. § 313 p. 912 n. 93; § 314 p. 914 n. 45.

Appeal from the District Court of Mercer County, *Pugh,* J.
Affirmed.

*P. H. Butler* and *O'Hare & Cox,* for appellant.

The following authorities are in point on the question of estoppel. Brynjolfson v. Dagner, 15 N. D. 332, 109 N. W. 320.

Benefit to person against whom estoppel is asserted. McCaull v. Nichols, 29 N. D. 405, 150 N. W. 932.

Acquiescence, assent to or application of acts of others. McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281.

Acquiescence permitting sale or mortgage of property. Johnson v. Erlandson, 14 N. D. 518, 105 N. W. 722.

Estoppel by mortgage or trust deed. Bingenheimer Merc. Co. v. Sack, 195 N. W. 968.

Estoppel—acquiescence—silence. Stoffels v. Brown, 47 N. D. 272, 163 N. W. 834.

Estoppel—equitable estoppel defined. Vallancey v. Hunt, 20 N. D. 579, 34 L.R.A.(N.S.) 473, 129 N. W. 455.

*John Moses,* for respondent Stoelting and *Fowler, Green & Wattam* and *Sullivan, Hanley & Sullivan,* for respondent Bank.

A mortgage or conveyance of the homesteads executed and acknowledged by the husband only, is void. Silander v. Gronna, 15 N. D. 552.

A loss or relinquishment of the homestead is not favored by the law, and any relinquishment of homestead rights must be unequivocal. Barrett v. Wilson, 102 Ill. 302.

Temporary renting of the homestead does not change the character of it when no other homestead has been acquired, and the same rule applies when the homesteader has removed to another state. 107 Ill. App. 542.

To raise crops during several seasons on other lands does not constitute an abandonment. McFarland v. Washington, 14 S. W. 354.

The act of voting at a place other than that in which the homestead is located does not of itself conclusively prove a change of domicil and an abandonment of homestead, but is simply a fact to be considered with other facts in aiding the court in determining whether or not the removal of the owner from the premises was temporary or permanent, and its effect may be overcome by circumstances showing an intent to return. Porter v. Chapman, 65 Cal. 365.

JANSONIUS, District Judge. This is an action in foreclosure. Minnie Stoelting on March 15th, 1918, executed and delivered a promissory note, secured by a real estate mortgage covering lots one (1) and two (2), block forty-eight (48), in the village of Hazen, North Dakota.

The defendant Benjamin Stoelting, who is the husband of Minnie Stoelting, did not join in the execution of the note or mortgage, but received the proceeds thereof.

Both Minnie Stoelting and Benjamin Stoelting, subsequently, on

53 N. Dak.—47.

the 16th of December, 1922, joined in the execution of a mortgage to the defendant, the First National Bank of Buffalo, North Dakota.

The complaint is the statutory form, praying for judgment against Minnie Stoelting and seeking foreclosure of the mortgage. The defendants Benjamin Stoelting and Minnie Stoelting answer, alleging the premises to be their homestead.

·The First National Bank of· Buffalo answered, setting up the same defense and praying that its mortgage be adjudged a superior lien on the premises.

· Upon the issues thus framed, the district court made findings to the effect that on the 15th day of March, 1918, Minnie Stoelting, her husband Benjamin Stoelting, not joining therein, executed and delivered to the First State Bank of Hazen, North Dakota, the note and mortgage described in the complaint; that the mortgage was recorded on September 4th, 1919, and subsequently assigned to the plaintiff herein, and that neither of the defendants have ever paid the note. That Minnie Stoelting is now and during all of the times since March 15th, 1918, was the owner of the premises, and that such premises were, on the 15th day of March, 1918, and for many years prior thereto, and at all times since said date, and now are, occupied by the defendants Benjamin Stoelting and Minnie Stoelting and their minor children as their homestead, and upon such findings the court gave judgment on the note but concluded that the mortgage given by the defendant Minnie Stoelting to the First State Bank of Hazen, North Dakota, the plaintiff's assignor, at its inception was and now is null and void.

Upon this appeal, the plaintiff upon appropriate specifications of error contends:

First: That the property in question was not the homestead of the defendants at the time of the execution and delivery of the mortgage.

Second: If such property was the homestead of the defendants at the time of the execution and delivery of the mortgage, it was since abandoned as such and they are therefore precluded by the provisions of § 5610 of the Compiled Laws of North Dakota for 1913 from setting up such a defense.

· Third: ·That the defendants, Minnie Stoelting and Benjamin Stoelting, by their action in obtaining the mortgage, and the knowledge of the defendant Benjamin Stoelting of the execution and de-

livery of the mortgage and the receipt by him of the benefits derived from such note and mortgage and his action in having the note and mortgage executed by his wife, Minnie Stoelting, and delivering the same in person to the First State Bank of Hazen, North Dakota, are estopped from setting up and proving such defense.

The evidence disclosed by the record shows that Benjamin Stoelting was the owner of this property on March 15th, 1918. On that day he transferred this property to his wife by warranty deed, wherein he and his wife joined as grantors. On the same day the defendant, Minnie Stoelting, mortgaged the property to the bank, her husband not signing the mortgage.

The evidence further shows that Benjamin Stoelting was at that time a director and the president of the First State Bank of Hazen, North Dakota; that both the deed and the mortgage were acknowledged before R. N. Harmsen, a Notary Public, and the cashier of the said bank.

The note and mortgage were prepared by R. N. Harmsen. Defendant, Benjamin Stoelting, procured the signature of his wife and then delivered the instruments to the bank where he received credit for the face value of the note, $2,000, on his personal account.

The evidence shows that Benjamin Stoelting, and not his wife, received the whole benefit of the transaction. As a result thereof his overdraft at the bank in the sum of $1,372 was paid, and he had a cash balance of $663 subject to check, which he afterwards checked out in the course of business.

The evidence shows further that there was some understanding between the cashier of the bank and Benjamin Stoelting that the mortgage would not be recorded if the bank examiner would accept the note as a bank asset without security. Benjamin Stoelting testified that he was informed by the cashier sometime afterwards that the examiner passed the note, while the cashier, Mr. Harmsen, testified that the examiner ordered the mortgage to be recorded.

The mortgage was in fact recorded in the fall of 1919. It remained on record and nothing was done to have it removed or discharged and it was of record unsatisfied when the mortgage to the First National Bank of Buffalo was given in December, 1922.

In May 1923, when the note and mortgage were assigned to the

Bank of North Dakota, the mortgage was still of record and so far as the evidence shows no move to have it cancelled had been made by either the Stoeltings or the First National Bank of Buffalo.

The finding of the district court that these premises were on the 15th day of March, 1918, the homestead of the defendants Benjamin Stoelting and Minnie Stoelting is well supported by the evidence.

The house had been occupied by the family from 1906 at the village of Expansion, North Dakota, until about three years prior to March, 1918, when it was moved to its present location in Hazen, North Dakota. The family moved at the same time and continued to occupy the house and were occupying it on March 15th, 1918, when the mortgage was executed. The whole family continued to occupy the premises until June, 1921, when they all moved to a ranch near Expansion. When school opened that fall, the two older children returned to Hazen and occupied the house until New Years, when the superintendent of schools moved in and occupied all but two rooms. As rent therefor he boarded the defendants' children who occupied one room, the other room being reserved for the defendants' use when they came to Hazen. The furniture and cooking utensils were never removed from the premises and they still remain there in the house. One or two of defendants' children occupied a room in the house during the school months of 1922, 1923, and 1924. The tenants paid cash rent for the house during the vacation months and boarded the children during the school months.

Plaintiff contends that the premises were abandoned for more than two years prior to the commencement of this action, and that the defendants, under § 5610, are therefore precluded from claiming a homestead interest. There is strong evidence tending to support plaintiff's contention.

In 1922 both Minnie Stoelting and Benjamin Stoelting registered with the assessor in precinct No. 4, which is the precinct of the ranch, and they gave their residence as in section thirty-three (33), township one hundred forty-seven (147), range eighty-six (86), Mercer county, North Dakota. They voted in that precinct at the 1922 and also at the 1924 primary election. While registering and voting in a particular place is not conclusive, it is strong circumstantial proof of residence.

Since our decision, however, is based on the doctrine of equitable estoppel, it becomes unnecessary to determine whether or not there was abandonment of the homestead.

Plaintiff invoked the doctrine of estoppel in pais. This court in the case of Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35, applied the principle of estoppel in a very similar case.

In that case an oral agreement for the sale of part of the homestead belonging to Nels Engholm and his wife, to Ekrem was entered into. On the next day, Nels Engholm and Ekrem entered into a written contract of sale, upon the same terms as the oral agreement. Mrs. Engholm expressly refused to sign the contract. A few days after the Ekrem contract was entered into, Ekrem went on the premises and commenced to grub out trees and excavate for a dwelling. Mrs. Engholm took no action to prevent the erection of the house by Ekrem, nor did she remonstrate against his holding the place until the following spring, after the house had been erected. This court held that the acts of Mrs. Engholm in permitting Ekrem to take possession and erect buildings on the premises estopped her from asserting her homestead rights. The case at bar is a stronger case than the Ekrem Case. Minnie Stoelting signed the note and mortgage. In fact the property was transferred to her so that she might execute the mortgage as owner. Therefore she is in no position to complain. So far as she is concerned the note and mortgage were properly executed.

Benjamin Stoelting executed and delivered the deed to his wife. He did not execute the mortgage but he had his wife execute it, and in person delivered the mortgage and note to the bank and received the entire proceeds. Had this transfer been a sale instead of a mortgage it would not be seriously contended that Benjamin Stoelting, after delivering the deed signed by his wife to the grantee and receiving the consideration, could repudiate the transfer without returning the money. In this case, as in the Ekrem case, to defeat the mortgage now would operate as a fraud upon the right of the plaintiff.

It was never intended that the homestead law should be so construed as to permit a fraud to be perpetrated, either actual or constructive, on the rights of another. The defendant, Benjamin Stoelting, having received the full benefit of this transaction, it would be inequitable to allow him to repudiate the deal now.

So far as the First National Bank of Buffalo is concerned, it took its mortgage with full knowledge of the record of the mortgage in question, so it could not be deceived or prejudiced.

On the question of estoppel, the following authorities are pertinent: Brynjolfson v. Dagner, 15 N. D. 332, 125 Am. St. Rep. 595, 109 N. W. 320; McCaull v. Nichols, 29 N. D. 405, 150 N. W. 932; McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281; Johnson v. Erlandson, 14 N. D. 518, 105 N. W. 722; Mohall State Bank v. Duluth Elevator Co. 35 N. D. 619, 161 N. W. 287; Bingenheimer Mercantile Co. v. Sack, 50 N. D. 381, 195 N. W. 969; Vallancey v. Hunt, 20 N. D. 579, 34 L.R.A.(N.S.) 473, 129 N. W. 455.

It is therefore ordered that the judgment be modified so as to give the plaintiff a first and valid mortgage lien upon the real property and to decree the foreclosure and sale thereof. As so modified, the judgment is affirmed.

BURKE, BIRDZELL, JOHNSON, and NUESSLE, JJ., concur.

CHRISTIANSON, Ch. J., did not participate; JANSONIUS, Dist. J., sitting in his stead.