ADOLPH KLIMPEL, Respondent, v. JOHN HAYKO, Appellant.

(182 N. W. 535.)

**Agriculture — on foreclosure of thresher's lien evidence held to sustain a finding of substantial performance.**

Plaintiff brought an action to foreclose a thresher's lien. The defendant, by way of defense and counterclaim, asserted that the threshing was done in such negligent manner that a great deal of the grain was wasted. He therefore asked that plaintiff be allowed nothing for doing the threshing, and that he be allowed judgment for the damages he had sustained. The trial court rendered judgment in favor of the plaintiff, as demanded in his complaint. The defendant appealed and demanded a trial *de novo* in the supreme court. On such appeal he asserts that the plaintiff is not entitled to recover anything, and that defendant is entitled to recover damages against the plaintiff. He further asserts that the thresher's lien statement was defective; and that defendant was entitled to have the questions relating to the performance and breach of the contract submitted to a jury. It is *held:*

1. That the findings of the trial court that plaintiff substantially performed his contract, and that he did not breach the same, are in accord with the weight of the evidence.

Appeal and error — supreme court will not consider questions not determinative of appeal.

2. That for reasons stated in the opinion, the questions raised by appellant relating to the validity of the thresher's lien and the right to a trial by jury are not involved on, or determinative of, this appeal.

Opinion filed March 26, 1921.

From a judgment of the District Court of Ward County, *Leighton,* J. defendant appeals.

Affirmed.

*F. B. Lambert,* for appellant.

"One who relies upon an express contract, must prove a substantial compliance with the contract before he can recover at all." Ball v. Dolan (S. D.) 101 N. W. 719.

Where defects pervade the whole building, the contractor cannot recover on the theory that he has substantially complied with the contract. Braseth v. First State Bank, 12 N. D. 486, 98 N. W. 79.

The work must be beneficial before it can be held that a contract has been substantially performed. 9 Cyc. 602.

One cannot sue on a contract and recover in that action on a quantum meruit. Werre v. N. W. T. Co. (S. D.) 131 N. W. 721.

*John J. Coyle,* for respondent.

Where the contract is substantially performed, the party may recover as for a complete performance, less such damages as the other party may have been put to by reason of the matters not performed. 13 C. J. 691; Columbian Lyceum Bureau v. Sherman, 19 N. D. 58; Omaha v. City, 158 Fed. 922; Omaha Water Co. v. Omaha, 156 Fed. 926; 13 C. J. 691 note (a); St. Charles v. Stocky, 154 Fed. 772.

CHRISTIANSON, J. The plaintiff instituted this action to recover $541.75 and interest from September 16, 1919, which he alleges is due to him for threshing defendant's grain in the fall of 1919; and also to foreclose a thresher's lien filed by the plaintiff. The complaint alleges that the defendant is the owner of certain real property situated in Ward county in this state, and that he farmed the same in the year 1919; that during that year the defendant employed the plaintiff

47 N. D.—27.

as the owner of a threshing machine to thresh the 1919 crop on said premises for the agreed price of $25 per hour; that the plaintiff threshed said crops under said contract, being engaged therein for a period of twenty-one and three quarters hours; that the value of such services is the sum of $543.75, of which only $2 has been paid; that there is due and owing to the plaintiff the sum of $541.75, with interest thereon from September 16, 1919; that on September 29, 1919, the plaintiff executed and caused to be filed with the register of deeds of Ward county a certain thresher's lien, a copy of which is attached to and made a part of the complaint; that no action or proceeding at law or in equity has been had for the collection or enforcement of said lien.

The first paragraph of the answer interposed by the defendant denies "each and every allegation, matter, and thing in said complaint contained, save and except as thereinafter admitted, qualified, or explained." The next two paragraphs admit that the defendant "is the owner and in possession of the premises described in the plaintiff's complaint, and that he farmed the said land during the season of 1919;" and "that in the year of 1919, the defendant employed the plaintiff to thresh the 1919 crop on the said premises for him at the agreed price of $25 per hour, and that the plaintiff threshed the said crops for this defendant and was engaged therein for the period of twenty-one and three quarters hours." The answer denies that the services were of the value stated in the complaint. The answer further avers, as an affirmative defense and by way of counterclaim, that the threshing was performed under an agreement by the terms of which it was provided that the plaintiff should do a good job of threshing, and thresh the grain in such manner that none of it would go into the straw pile; that the plaintiff failed to comply with this agreement, and did in fact thresh the grain in such careless manner that a large amount of grain went into the straw pile to the damage of the defendant in the sum of $700. The plaintiff interposed a reply denying all the new matter set forth in the answer. The cause was tried upon the issues framed by these pleadings. The trial was to the court, without a jury. The trial court made findings in favor of the plaintiff upon all the issues, and judgment was rendered in his favor for the sum demanded in the complaint and costs, and for the foreclosure of his lien.

Defendant has appealed from the judgment, and demands a trial anew in this court.

There is a direct conflict in the evidence as to whether the plaintiff did or did not do a good job of threshing. There is evidence that the grain was injured by rust; that a considerable portion of the Marquis wheat was lying on the ground, the shocks having been thrown down and the bundles trampled upon by the defendant's cattle, and that as a result the bundles were wet and in bad condition for threshing. There is also evidence that the threshing was interrupted or delayed on account of rain, and that it was resumed before the grain was in good condition for threshing, because defendant insisted upon it. There is also evidence (and this evidence is not contradicted) that, very shortly before this threshing was done, the plaintiff put in a complete set of new teeth in the cylinder of the separator; and that in performing this threshing the machine was equipped and operated in such manner that it would knock the grain out of the heads if there was any possible way to do it. The defendant testified that during the course of the threshing he called plaintiff's attention to the fact that a great deal of grain was going into the straw, and that during such conversation the plaintiff stated that if the defendant would permit him to go on and complete the threshing that he would come back later and thresh the straw pile over again. The plaintiff denied that any such conversation took place, or that he made any such promise. The evidence further shows that the defendant sent a check for $300 to the plaintiff, which he offered as payment in full of the threshing bill; but that the plaintiff refused to accept the same and returned it to the defendant. The defendant testified that he took three loads of straw from the various straw piles and caused it to be threshed over again, and it is contended that the grain realized upon threshing such straw should be taken as a basis for computing the amount of grain contained in the various straw piles.

In rendering his decision the trial court filed the following written statement or memorandum decision: "There is no question as to the agreement of $25 per hour; that is admitted on both sides. The whole issue is as to the defense set up by the defendant, that threshing was improperly done and that consequently there was no substantial performance of the contract. I think there is no question but what

part of this grain was down at the time the threshing was done, and that a portion of it at least was in poor condition to be threshed at that time, and under the conditions existing at that time it was impossible to perform the best possible work. I am also of the opinion that these facts were communicated to the defendant, and that he advised the threshers to go ahead with the work and complete the job.

"There is evidence undisputed that some of this straw was re-threshed, and there was procured 4½ bushels of durum wheat, 4 bushels of marquis wheat, and 4 bushels of oats out of the straw so threshed, that is, for each load that was threshed, there being only three loads threshed.

"The evidence is somewhat conflicting as to where this straw was taken from the stack, but it is not at all probable that defendant took the straw from any place except where he anticipated he would find grain, and it is difficult to conceive that you would find this grain in all portions of the stack, considering the nature of the crops on a general average in that vicinity and the yield per acre shown by both parties as to the grain threshed on the land, so it seems to me that it is reasonable to conclude that this grain was taken from either beneath or near the blower.

"There is no manner or method of anyone saying as to how much grain there was left in the stack, and to conclude that the balance of the straw would average the amount as the loads threshed would be purely guesswork, as no one can say how much these stacks can thresh, nor is there any evidence as to the number of loads in the stack which is definitely certain, and I am unable to see how any damages could be allowed defendant on the proof submitted.

"I am also of the opinion that under the conditions the testimony shows the grain to be in at the time of the threshing, that there is not sufficient evidence to warrant any conclusion except that the contract was substantially performed, or that there was any more grain went through the machine than ordinarily occurs in threshing under similar conditions."

The conclusions of the trial court were not based upon the cold paper record of the testimony, but upon the words as they fell from the lips of the parties and witnesses. There were, inclusive of the parties, seven witnesses who testified in favor of the plaintiff and

six witnesses who testified in favor of the defendant. The trial court, who not only heard the testimony, but saw the witnesses and observed their demeanor while testifying, manifestly, was in a far better position to pass upon the credibility of the witnesses than are the members of this court. While, it is true, the statute says that this court shall try the case anew, that does not mean that we must wholly disregard the views of the trial court upon matters where, by the very nature of things, its judgment is more likely to be correct than any we could possibly form.

The question of the purpose and effect of the statute authorizing a trial anew of equity cases in this court was considered by this court in Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 32 L.R.A. 730, 67 N. W. 300. This court said: "The statute says that this court 'shall try the case anew.' This language, it is apparent, was not used with exact accuracy. The case is not tried anew. There is no new evidence or any evidence adduced in this court. The case must be decided upon a record already prepared by a judicial tribunal. This court simply reviews the record, and the practical and necessary result of such review is to correct the errors, if any, either of the law or fact, into which the court below may have fallen. . . . The judgment of the trial court upon the facts must still have weight and influence with this court, especially when based upon the testimony of witnesses who appeared in person before that court. It may be that the strong presumption of correctness under which findings of fact came to this court under the former practice does not follow them with equal force under this statute, and it may be that to some extent the appellant is relieved from the burden of pointing out the specific error of the trial court. This would seem to follow from the fact that the particular errors of the trial court, if any there be, need not be discussed by this court, or pointed out to the court below, as was imperatively necessary in all cases where a reversal sent the case back for trial *de novo*. Nevertheless, the independent judgment of this court upon the record presented, irrespective of what the trial court may or may not have held, is based only upon a review of the record made in the trial court; and, when the judgment of the trial court was based upon error in law or fact, the judgment of this court necessarily reviews and corrects such error. But the manner in which this result is accomplished

is radically different under the two systems of practice. The statute under discussion requires us to render final judgment, and thus, by its mandate, forever terminate the particular litigation. This is such an innovation upon a practice that is familiar to and well settled in the professional mind, that it is received with distrust. But to the legislative mind it doubtless suggested a means of terminating litigation in a manner that should at once possess the strongest probability of absolute justice with the least expenditure of time and money. It avoids the delay and expense of a second trial, and the risk of further errors that might necessitate a second appeal." 5 N. D. 443–445.

The provisions of the statute referred to in the foregoing opinion still remain in force (§ 7846, Comp. Laws 1913), and the language used by this court in Christianson v. Farmers' Warehouse Asso. supra, is as applicable to-day as it was when that decision was rendered. We do not, however, rest our decision upon the findings of the trial court. We have carefully read and considered the evidence in this case. After so doing, we are of the opinion that the conclusions drawn by the trial court in the memorandum decision are the only ones which can reasonably be drawn from the evidence. The testimony of the defendant to the effect that the plaintiff promised that he would thresh the straw stacks over again, if he (defendant) permitted him to go ahead and finish the threshing at that time, is, to say the least, highly improbable. The defendant did not have the straw stacks threshed, and at the trial some months later he testified that he had permitted his stock to eat all of the straw stacks including, of course, whatever grain they contained. Considering the evidence as a whole, we are of the opinion that it is established by a fair preponderance that plaintiff substantially performed his agreement with the defendant; and that the alleged breach of contract asserted by the defendant is not established.

A question is raised by the appellant as to the validity of the thresher's lien. It is contended that the lien does not state all the facts required by the statute. The question is raised for the first time in this court. The record clearly shows that no such question was raised upon the trial of the action. The lien was received in evidence without objection, and, from the beginning to the end of the trial, not even a suggestion was made to the effect that the lien statement was defective. In its memorandum decision the trial court said: "The

whole issue is as to the defense set up by the defendant, that the thresh-ing was improperly done and that consequently there was no substan-tial performance of the contract." This statement of the trial court is. fully sustained by the record, and is the only conclusion that can rea-sonably be reached by any party reading the record in the case. It further appears that, in any event, the question of the validity of the lien is at this time largely, if not wholly, moot. Upon the oral argu-ment it was stated that the grain, upon which a lien was claimed, had been retained by the defendant and sold by him. And on this appeal, the defendant furnished a supersedeas bond conditioned not as upon an appeal from the judgment in foreclosure, but as upon an appeal from a judgment for money only. It also appears that no costs were taxed by the sheriff on his return or in the judgment for seizing the grain under a warrant of foreclosure; and a statutory attorney's fee for the foreclosure of a mortgage was not taxed as costs in this action. In these circumstances, we deem it wholly unnecessary, if not im-proper, to express any opinion as to the validity of the lien. See 3 C. J. 718 et seq.; Ugland v. Farmers & M. State Bank, 23 N. D. 536, 137 N. W. 572; Ravicz v. Nickells, 9 N. D. 536, 84 N. W. 353; DeLaney v. Western Stock Co. 19 N. D. 630, 633, 125 N. W. 499; La Duke v. Malin, 45 N. D. 349, 177 N. W. 673; Northern Shoe Co. v. Cecka, 22 N. D. 635, 135 N. W. 177; Mahon v. Fansett, 17 N. D. 104, 115 N. W. 79; Steen v. Neva, 37 N. D. 40, 163 N. W. 272; Baxter Sash & Door Co. v. Ornes, 130 Minn. 214, 153 N. W. 594. See also 4 C. J. 575. Even though the question of the validity of the lien was before us, it would not affect the judgment rendered for the amount of the threshing bill, and that should in any event be affirmed. Moher v. Rasmusson, 12 N. D. 71, 95 N. W. 152; Smith v. Gill, 37 Minn. 455, 35 N. W. 178; Gray v. Hickey, 94 Wash. 370, 162 Pac. 564. See also Bidwell v. Astor Mut. Ins. Co. 16 N. Y. 263, 267. The statute (Comp. Laws 1913, § 7846) under which appellant asks us to try the case anew provides that this court "shall finally dispose of the same whenever justice can be done without a new trial."

Appellant contends that if there was in fact and in law no thresher's lien, he would have been entitled to a trial by jury; and that he was in effect denied such trial. Plaintiff's cause of action, with all of its merits and defects, was stated in the complaint. If there was no lien,

that fact appeared on the face of the complaint, for the lien was attached to and specifically made a part of the complaint. The defendant did not demand a trial by jury. He, at least, impliedly consented that all issues be tried to the court. Not only was that his attitude upon the trial, but it continued after the trial. Thus, the record certified to this court shows that at the time the costs were retaxed, defendant's counsel objected to the taxation of a term fee for the February, 1920, term, and in support of such objection filed an affidavit containing the following statement: "Affiant further states that the above-entitled action is one for the foreclosure of thresher's lien and is a court case; that the February, 1920, term of the above court was a jury term of this court, and no court cases were tried or set for trial at the said term of court; that the defendant had at no time made any demand for a jury trial on his counterclaim herein, and that the said case was therefore not properly on the calendar at the said February, 1920, term of this court." Not even a suggestion was made, until the question was raised in this court, that the defendant was entitled, or desired, to have any issue submitted to a jury. Even though he was entitled to have the questions relating to the performance or breach of the contract submitted to a jury, he cannot be heard to say so at this time. Delany v. Western Stock Co. 19 N. D. 630, 633, 125 N. W. 499; Gray v. Hickey, 94 Wash. 370, 162 Pac. 566. See also Morton Brick & Tile Co. v. Sodergren, 130 Minn. 252, 153 N. W. 527.

It follows from what has been said that the judgment appealed from must be affirmed. It is so ordered.

ROBINSON, Ch. J., and BIRDZELL, J., concur.

GRACE and BRONSON, JJ., concur in the result.