# BINGENHEIMER MERCANTILE COMPANY, a Corporation, Respondent, v. GUST SACK, Appellant.

(195 N. W. 969.)

**Estoppel — mortgagor of chattels estopped from denying ownership of mortgaged property.**

1. The mortgagor is estopped from asserting, in defense to an action to foreclose a chattel mortgage lien, that he was not, at the time the instrument was made, the owner of the property described therein.

**Estoppel — mortgagor owning land held estopped from denying ownership of mortgaged crops.**

2. A mortgagor, who executes a chattel mortgage upon crops to be grown upon specified land, of which he is the owner, both at the time of the execution of the mortgage and when the action was brought to foreclose the same, is estopped from asserting, in defense to the action to foreclose, that he was not the owner of and had no interest in the grain described in the mortgage and in his possession at the time it was seized by an officer in aid of the foreclosure proceedings.

Opinion filed November 17, 1923.

Appeal and Error, 4 C. J. § 2651 p. 728 n. 46 New. Chattel Mortgages, 11 C. J. § 151 p. 491 n. 2. Estoppel, 21 C. J. § 116 pp. 1113 n. 52; 1114 n. 53. Evidence, 22 C. J. § 65 p. 126 n. 70.

Appeal from the District Court of Morton County, North Dakota, *Berry, J.*

Affirmed.

Note.—(2) Estoppel of mortgagor to deny ownership of crops, see 10 R. C. L. 757.

*Norton & Kelsch,* for appellant.

"The burden of proof is on the mortgagee to establish the facts entitling him to the relief sought." 11 C. J. 725, § 548 and cases cited thereunder.

"Where a general denial has been interposed, plaintiff must prove every collateral fact necessary to establish the cause of action." Harvey v. Iverson, 35 Wash. 397, 77 Pac. 725; Aultman v. Stichler, 21 Neb. 72, 31 N. W. 241; Jackson v. Morgan, 167 Ind. 528, 78 N. E. 633; Kaufman v. Cooper, 38 Mont. 6, 98 Pac. 504.

"The burden of proof is on the plaintiff to show that he is entitled to the property taken." Russell v. Amundson, 4 N. D. 112, 59 N. W. 477; Piano Mfg. Co. v. Daley, 6 N. D. 330, 70 N. W. 277.

"To make a prima facie case against a claimant the mortgagee must show possession or title of the mortgagor at the date of the mortgage." McCommons v. English, 100 Ga. 653, 28 S. E. 386.

"In a foreclosure on a chattel mortgage when grain is seized, the burden of proof is upon the plaintiff to show that the grain so taken was raised on the land described in his mortgage and by the mortgagor." Martin v. Hawthorne, 3 N. D. 412, 57 N. W. 87.

"The defendant for his answer in this case interposed a general denial to plaintiff's complaint and thus put in issue every material allegation in the complaint, which includes the title and right of possession." Bentler v. Bryngolfson, 38 N. D. 410, 165 N. W. 553.

"The burden of proof is on a party seeking to foreclose a mortgage upon the crops grown upon a piece of land and to subject the grain thereto to show that the grain seized was raised upon the land covered by the mortgage." Security State Bank v. Krach, 36 N. D. 115, 161 N. W. 568.

"In proceedings for foreclosure against particular livestock and its increase, where such is covered by the mortgage, the plaintiff has the burden of showing that there has been an increase and the extent of the same." Gammon v. Bull, 86 Iowa, 754, 53 N. W. 340.

"The mortgagee in a mortgage 'upon my undivided interest in all crops of every kind' in an action in claim and delivery under his mortgage must show the extent of the mortgagor's interest in the crops and it is immaterial that the defendant and an intervener claiming under another mortgage show that the wife of the mortgagor was owner of

one-half of the crops." Lyon v. Archer, 32 S. D. 314, 143 N. W. 286.

*Schneller & Heder,* and *Sullivan, Hanley & Sullivan,* for respondent.

"The position of the defendants is suicidal; for, if they are right in their contention, they themselves have no interests either in the property or in the result of this action." Carson v. Carson, 52 Minn. 67, 53 N. W. 1130.

"A person who has executed a mortgage on property cannot, in an action against him on the mortgage, deny that he had title at the time of executing the mortgage, or set up a paramount title in a third person as a defense to the action." 10 R. C. L. 757 and cases cited: Tully v. Taylor, 84 N. J. Eq. 459, L.R.A.1918B, 734, 94 Atl. 572; Harmon, Chattel Mortg. p. 33; Harvey v. Harvey, 13 R. I. 598; 16 Cyc. 689; Layson v. Cooper, 174 Mo. 211, 97 Am. St. Rep. 545, 73 S. W. 472; Griffith v. Richmond, 126 N. C. 377, 35 S. E. 620.

"Though the mortgagor make a chattel mortgage to hinder and delay his other creditors he cannot, in replevin by the mortgagee, be heard to plead such a fact in defense." Sink v. Loflin, 76 Mo. App. 463.

JOHNSON, J. Plaintiff brought an action to foreclose a chattel mortgage in the district court of Morton county and obtained judgment. Defendant appeals. Appellant asks for a trial de novo.

The complaint is in the usual form, alleging, in substance, the corporate character of the plaintiff, the execution of a chattel mortgage by the defendant on the 20th of August, 1921, covering, among other things, all of the crops grown upon the premises therein described and situated in Morton county; that the mortgage was executed to secure a note dated the same day and due October 1, 1922 in the sum of $1,269-.05. It is then alleged that the plaintiff is still the owner and holder of the note and the mortgage; that no part of the note has been paid and that the defendant is "selling, secreting and otherwise disposing of said mortgaged property" and that, by reason thereof, the plaintiff deems itself unsecure and has elected to foreclose the mortgage. The complaint concludes with a prayer for judgment against the defendant for the sum of $1,269.05 with interest and costs and that the plaintiff be adjudged to have a subsisting chattel mortgage lien on the grain raised upon the premises described in the mortgage, that the judgment

be adjudged a lien upon the property, that the property be sold under a decree of the court and the proceeds applied in payment of the sum found due the plaintiff; it is further prayed that the plaintiff be permitted to purchase the property and that it have execution against the defendant for any deficiency that may remain, after applying the net proceeds of the sale on the note.

To the foregoing complaint, the defendant, after admitting the corporate character of the plaintiff, answered, denying the execution of the mortgage and the indebtedness as alleged in the complaint; the defendant alleges the fact to be that the description of crops to be mortgaged was inserted in the chattel mortgage fraudulently by an agent of the plaintiff, that the mortgage was not read to the defendant before he signed it and that the defendant was unable to read the English language at the time; the defendant alleges, in substance, that the agent of the plaintiff represented and stated to him that the mortgage about to be executed contained no crop mortgage clause, but that such clause was fraudulently inserted therein. The defendant further alleges that the plaintiff has no interest in the grain seized by the officer in the foreclosure action and that the defendant, on April 7, 1922, leased the premises described in the chattel mortgage to William Sack; the defendant attaches as an exhibit the lease entered into with the said William Sack. The lease is not in the record as certified to this court. The defendant further alleges that on the 26th of September, 1922, the sheriff of Morton county took the grain in controversy from his possession and from the possession of one William Sack; and that the defendant was not at any time the owner of the wheat, oats and rye levied upon and taken by the sheriff as aforesaid, but that the same was at all times the property of William Sack and that the defendant had no right, title to or interest in the same. The answer alleges payments on the note, the amount of which he does not know, and concludes with a prayer for an accounting between the parties and for judgment that the plaintiff has no title to or interest in the grain seized by the sheriff and grown upon the premises described in the mortgage.

At the trial, defendant testified, in substance, that a prior mortgage had been executed by him to the plaintiff and that when the mortgage sought to be foreclosed was executed, he was told by the agent of the plaintiff that it contained the same property, but did not contain **a**

mortgage on the crop; that he was unable to read the English language; that the mortgage was not read to him and that he signed the same wholly because of the representation and understanding that the instrument did not contain a mortgage clause covering his crops. The agent of the plaintiff at Judson testified that in October, 1921, the defendant called at the office and stated that he wished the mortgage on the crop released. The agent who procured the mortgage was not available as a witness. The record shows that he was, at the time of the trial, in the state of Louisiana. The agent at Judson also says that defendant discussed the crop mortgage with him in the spring of 1922. While defendant admits having mentioned the mortgage, he denies that he made any reference to the alleged fact that the crops were included therein. He testified that the first time he knew that the mortgage covered his crop was when the sheriff seized the grain in his granary on the home place. Upon this point the court found against the defendant's contention and, after reading the testimony, we are satisfied that this finding is correct.

While under the statute the case is tried anew, nevertheless, "the judgment of the trial court upon the facts must still have weight and influence with this court, especially when based upon the testimony of witnesses who appeared in person before that court." Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 444, 32 L.R.A. 730, 67 N. W. 300. We are satisfied that the finding of the trial court on the issue of fraud, is correct.

The principal contention made by the defendant, both in the trial court and on this appeal is that he at no time had any interest in the crop raised upon the premises described in the chattel mortgage; that he leased the same on the 7th of April, 1922, to his brother, William Sack; that under the lease with his brother, he had no interest in the crop raised, but was to receive a cash rental for the use of the land. The other Sack was not called and did not testify. The defendant strenuously contends that because he had leased the premises in this manner and on the foregoing terms, and because, as he testified, he did not farm the land, he had no interest in the crop and the mortgagee likewise had no interest in the grain grown on the premises described in the mortgage and, therefore, no right to the possession thereof for the purpose of foreclosing the mortgage. The defendant further contends

that the burden of proof is upon the plaintiff to establish his right to the possession of the grain, to prove that the defendant had title thereto and that the grain was raised on the premises described in the mortgage through the efforts of the mortgagor.

Numerous errors are assigned by the defendant on this appeal, but, in the view we take of the case, it is not necessary to examine them in detail herein. Substantially all of them are involved in the contention that the court erred in refusing to permit the defendant to prove that he had no title to the crop. We are satisfied that the defense principally relied upon by the defendant is wholly unsound and that he cannot, in equity, maintain it. He was, at the time the mortgage was executed, the owner of the premises described therein and he resided thereon; he undertook, by the instrument described in the complaint, to give his creditor a lien upon the crop which was to be raised upon the land the following year. He now insists that, because, subsequent to the execution of the mortgage, but prior to the maturity of the note secured thereby, he voluntarily put it out of his power to raise a crop upon the land by entering into an agreement with his brother in such form that he would have no interest in the crop raised, but have a right of action as upon a debt against his brother for the rental, he can now say to this plaintiff, in defense to an action to foreclose the mortgage upon the grain raised upon the premises described therein, that he has no title to the grain seized, no right to the possession thereof (although, in point of fact, it is in his possession) and that the plaintiff never acquired any right to seize the same, sell it pursuant to judgment, and apply the proceeds upon the indebtedness secured by the mortgage.

It is elementary that the mortgagor is estopped from asserting, in defense to an action to foreclose a mortgage lien, that he was not, at the time the instrument was made, the owner of the property described therein. In other words, the mortgagor, as a general rule, may not deny his own title to the property upon which he assumes to create a mortgage lien in favor of another, who usually has relied upon such representations of ownership, whether express or implied, and changed his position to his detriment, in reliance upon the representation that the mortgagor was the owner of the property. Myers v. Snyder, 96 Iowa, 107, 64 N. W. 771; Adams v. Wildes, 107 Mass. 123; First

Nat. Bank v. Fowler, 51 Wash. 638, 99 Pac. 1034, 54 Wash. 65, 102 Pac. 1038; 21 C. J. 1069; Gottschalk v. Klinger, 33 Mo. App. 410.

It is presumed that the person in possession of personal property is the owner thereof. Comp. Laws 1913, § 7936, subsec. 11; Tracy v. Juanto, 103 Or. 416, 205 Pac. 822. "Possession of personal property is *prima facie* evidence of ownership." Hare v. Young, 26 Idaho, 691, 146 Pac. 109; 22 C. J. 126. The grain seized by the sheriff had been raised on the premises described in the mortgage and owned by the defendant; it was in the possession of the defendant when seized by the officer. Under the principle of law stated heretofore, the defendant is estopped from rebutting the presumption of ownership that arises from the fact that the property was in his possession.

It must be borne in mind that William Sack, alleged by the defendant to be the owner of the grain, is not a party to this action, although he made a third party claim and asked leave of the court to intervene. The claim was disallowed by the sheriff and the petition for intervention was denied by the court. He does not appeal. The third party claimant is not a necessary, although a proper party to the foreclosure proceedings. German-American State Bank v. Seattle Grain Co. 89 Wash. 376, 154 Pac. 443. The third party claimant, therefore, in this case, will not be affected by this decision, insofar as it determines any question pertaining to the title to the grain in controversy as between the defendant and appellant, Sack, and the plaintiff and respondent company.

We see no reason why the principle that the mortgagor, in a suit to foreclose the mortgage, may not impeach his own title to the property described therein, should not be applied in this proceeding. When the defendant executed the chattel mortgage upon the crops to be raised on the premises described therein, he was the owner thereof and impliedly represented to the plaintiff, when the mortgage was made, that by no act of his, so long as he was the owner of the land, would he deprive the mortgagee of the right to enforce the lien against the crops grown thereon if default occurred in the payment of the note secured by the instrument. He cannot now, in a court of equity, be heard to say that he has done that which he impliedly represented he would not do. 21 C. J. 1113, ff.

The trial court found the execution of the mortgage, found against

the defendant upon the claim of fraud, found that the grain was raised upon the premises described in the mortgage, and the evidence shows that it was so raised and taken from the possession of this defendant and another. We are satisfied, after careful consideration of the evidence, that the judgment of the trial court is correct and should be affirmed. It is so ordered.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.