A. M. WILSON COMPANY, Respondent, v. K. R. KNOWLES,
Appellant.

(204 N. W. 663.)

**Frauds, statute of — oral agreement may not be established under guise
of proving collateral oral agreement.**

   A party to a written contract may not under the guise of proving a collateral
oral agreement establish as a cause of action or set-off an oral agreement with-
in the statute of frauds.

Opinion filed May 25, 1925. Rehearing denied June 17, 1925.

Frauds, Statute of, 27 C. J. § 400 p. 315 n. 34.           . .

From a judgment of the District Court of Burleigh County, *Jan-
sonius,* J., defendant appeals.

Affirmed.

*Scott Cameron,* for appellant.

The right to prove collateral parol agreements in connection with
a suit involving a written instrument exists. Putnam v. Prouty, 24
N. D. 517.

The true rule is that the only criterion of the completeness of the
written contract as a full expression of the agreement of the parties
is the writing itself; but, in determining whether it is thus complete,
it is to be construed, as in any other case, according to its subject-
matter and the circumstances under which and the purposes for which
it was executed. Wheaton Roller Mill Co. v. John T. Noye Mfg. Co.
66 Minn. 156, 68 N. W. 854.

Where the parol agreement is the inducing cause of the contract
in suit, parol evidence is admissible to establish that agreement.
Erickson v. Wiper, 33 N. D. 193; De Rue v. McIntosh, 26 N. D. 42.

The right to recover damages for lost profits has been recognized
by this court. Russel v. Olson, 22 N. D. 410.

*Edward S. Allen, Joseph Coghlan,* and *Chas. L. Crum,* for respond-
ent.

Where, in the absence of fraud, accident, or mistake, the parties
have deliberately put their contract into a writing which is complete
in itself, and couched in such language as imports a complete legal

obligation, it is conclusively presumed that they have introduced into the written instrument all material terms and circumstances relative thereto. Wheaton Roller Mill Co. v. John T. Noye Mfg. Co. 66 Minn. 156, 68 N. W. 854.

Where a written contract purports upon its face to contain the whole contract of the parties, parol evidence can not be received to add to its terms. If it appears from the writing itself that the whole agreement was not reduced to writing, and that the writing is incomplete to express the entire agreement, then, on proper allegations, the parol part of the contract may be proven. Johnson v. Kindred State Bank, 96 N. W. 588.

Parol evidence is not admissible to contradict or vary the terms of a mortgage.

When a contract is reduced to writing, the presumption is that the entire actual agreement of the parties is contained in it, and parol evidence as to their negotiations or conversations prior to its execution is not admissible to vary or explain it. Harney v. Wirtz, 30 N. D. 292.

Damages in the nature of anticipated profits or conjectured, expected, or hoped for sales cannot be recovered. Silurian Mineral Spring Co. v. Kuhn (Neb.) 91 N. W. 508.

CHRISTIANSON, Ch. J. This is an action to foreclose a conditional sale contract. By the terms of this contract the plaintiff sold certain personal property, consisting of pool tables and other equipment for a pool room, to the defendant and reserved title to all such property in the plaintiff until the full amount of the purchase price had been paid. The amount due upon the contract is not in dispute, but the defendant asserts by way of set-off that "as a part of the consideration for the purchase by the defendant herein of the said merchandise the plaintiff, through its agent undertook, promised and agreed with the defendant to furnish to the defendant a five year lease covering a certain building located on Lot 4, Block 48, of the original plat of the city of Bismarck;" and it is alleged that the plaintiff failed to comply with the terms of this agreement and that as a result the defendant was damaged in the sum of $2000. The defendant demands judgment "that the amount due on the said contract be computed and deter-

mined and that after deducting the same from the contract by the plaintiff that the defendant have judgment against the plaintiff for said difference, etc." The case was tried upon the issues thus framed to the court without a jury.

When the defendant sought to introduce evidence relating to the alleged agreement on the part of the plaintiff to furnish defendant with a lease, objection was made on the ground, among others, that such evidence was inadmissible under the parol evidence rule; and that a valid agreement to this effect could not be established by parol evidence. The trial court permitted the evidence to be introduced, but with the specific understanding that he would eventually rule upon its admissibility and the validity of the alleged oral agreement in determining the merits of the litigation. The principal evidence as to the existence and terms of the alleged agreement consisted of the testimony of the defendant, himself. He testified that when he was first approached by the agent of the plaintiff he refused to buy the personal property unless a suitable location for a pool room was procured; that thereafter some discussion was had with regard to the place mentioned in the answer; and that the agent of the plaintiff then asked the defendant whether he would purchase the fixtures if he got a lease to the building; that later when the conditional sales contract was signed and the defendant paid a part of the purchase price plaintiff's agent stated to the defendant that "he had the lease in his possession or in such condition that he had the lease secured;" that it was a five year lease at a rental of $200 per month. The only proof of damages adduced by the plaintiff had reference to the loss of anticipated profits. That is, he testified as to the loss or profits which he claims it was likely he would have earned if he had received the lease.

After due consideration the trial court ruled that the evidence adduced by the defendant to prove the agreement to furnish a lease was inadmissible; and, hence, that no valid agreement to that effect had been proven. In so ruling, however, the trial court indicated that if the agreement might be made in the manner in which it is claimed to have been made, and if it could be proven in the manner in which plaintiff sought to prove it, that the court would have held that the agreement existed.

The trial court made findings and conclusions in favor of the plaintiff. Judgment was entered accordingly and defendant has appealed from the judgment and demanded a trial anew in this court.

In our opinion the judgment is correct and must be affirmed. It is doubtless true that the rule that parol testimony cannot be received to vary or add to or subtract from the terms of a valid written instrument "is not violated by allowing parol evidence to be given of the contents of a distinct, *valid,* contemporaneous agreement between the parties which was not reduced to writing when the same is not in conflict with the provisions of the written agreement." Jones, Ev. p. 174. But obviously the parol agreement must be a valid one. The fact that it is collateral to a written agreement does not render it legal, valid or enforcible, if standing alone it would be illegal, invalid or unenforceable. Thus a party to a written contract may not under the guise of proving a collateral oral agreement "establish as a cause of action an oral agreement within the statute of frauds." Alsterberg v. Bennett, 14 N. D. 596, 106 N. W. 49. The defendant in this case had the burden of establishing a valid agreement on the part of the plaintiff "to furnish to the defendant a five year lease covering a certain building." The construction most favorable to the defendant, of the evidence adduced is that at the time the sales contract was executed the plaintiff represented to him that it had a lease for the building in question for a term of five years at an agreed rental of $200 per month; and that it was orally agreed between the parties that the plaintiff would transfer this lease to the defendant or sublet the premises to him for the same term, and at the same rental, as that stipulated in the lease. But this agreement would itself be within the statute of frauds. Comp. Laws, 1913, subdiv. 5, § 5888; 1 Williston, Contr. § 491; 27 C. J. pp. 211, 214, 215; 25 R. C. L. pp. 562–566. And, hence, subject to the very attack which the plaintiff made upon the agreement, and the evidence adduced to establish it. Hence, the trial court was correct in concluding that defendant had failed to establish the agreement on the part of the plaintiff for the breach of which he asked to be compensated. We believe that the trial court's conclusion would have been correct, even though all question as to admissibility of evidence and as to the statute of frauds be laid aside. In other words, we are of the opinion that the defendant

failed to sustain the burden of proof, even though it be assumed that the evidence was admissible and the alleged oral agreement not within the statute of frauds.

In view of the conclusion we have reached as to the alleged oral agreement it is unnecessary to determine whether there was any competent evidence as a basis for computation of damages.

Judgment affirmed.

NUESSLE, JOHNSON, BURKE, and BIRDZELL, JJ., concur.

On petition for rehearing.

PER CURIAM. Defendant has petitioned for a rehearing. It is first contended that this court erred in construing the terms of the alleged oral agreement. Attention is called to the following statement in the opinion:

"The construction most favorable to the defendant, of the evidence adduced is that at the time the sales contract was executed the plaintiff represented to him that it had a lease for the building in question for a term of five years at an agreed rental of $200 per month; and that it was orally agreed between the parties that the plaintiff would transfer this lease to the defendant or sublet the premises to him for the same term, and at the same rental, as that stipulated in the lease."

And it is asserted that this statement is not warranted by the evidence. It is said that the oral agreement between the parties was one whereby the plaintiff agreed to procure from the owner of the building a lease therefor, for a five year term at a rental of $200 per month, running directly to the defendant as lessee. We have again reviewed the evidence, and find no reason to depart from the statement made in the former opinion. It will be noted that we did not say that the construction there given to the evidence was the only one of which it was susceptible, or even that it was the most reasonable one. What we did say was that that construction is the one "most favorable to the defendant," and we still are of that view. In fact we believe that it is the only construction which affords the slightest basis for a claim that there was any agreement between the plaintiff and defendant at all. If the evidence be construed as establishing an agree-

ment for the performance of service, or no agreement at all, then we are all agreed that the evidence, even if admissible, wholly fails to establish any agreement on the part of the plaintiff at all; that it establishes merely an individual agreement on the part of the agent who represented the plaintiff to bring the owner of the building to the defendant so as to enable defendant to make his own deal with him, and that the agent performed this agreement.

It is next contended that, in any event, the court was in error in holding the alleged oral agreement to be within the statute of frauds. In support of this contention it is said that the statute of frauds was not invoked in any manner in the trial court, and, hence, is not available here. The contentions thus advanced were not overlooked by us in determining the cause. On the contrary they were carefully considered. The oral contract in controversy here was set forth by defendant in his answer, by way of *defense,* and not as a counterclaim. Defendant specifically asserted that the new matter so alleged in his answer constituted a defense. Plaintiff accepted the theory thus adopted by the defendant, and interposed no reply. The case was tried in the court below, and submitted in this court, on the theory that the new matter in the answer constituted a defense only, and that no reply was necessary. Inasmuch as the answer did not contain a counterclaim, no reply was necessary. Comp. Laws, 1913, §§ 7467–7477. But the new matter set forth therein became, and was, controverted "as upon a direct denial or avoidance by operation of law and the plaintiff might prove in response thereto any fact by way of denial or of confession and avoidance." Comp. Laws, 1913, §§ 7467–7477; Moores v. Tomlinson, 33 N. D. 638, 642, 157 N. W. 685. Hence, where, as in this case, new matter is set forth in an answer, to which the statute of frauds is an appropriate reply, the statute is pleaded by operation of law.

And while it is true the objections made by plaintiff's counsel to the introduction of evidence did not specifically assert that the contract which plaintiff sought to prove was within the statute of frauds, they did assert specifically and emphatically that such agreement might not be established by parol evidence and that the proffered parol evidence was incompetent and inadmissible to establish it. The defendant in this case demanded a trial anew in this court and this removed

the entire record here for trial de novo. Hoellinger v. Hoellinger, 38 N. D. 636, 645, 166 N. W. 519. Hence, this court is required to try the case anew and consider not only the admissibility and competency of the evidence but the weight thereof and to decide the facts independently of the trial court's findings (although such findings when based upon oral testimony are entitled to and given some weight). Merchants Nat. Bank v. Collard, 33 N. D. 556, 157 N. W. 488.

In our opinion the evidence sought to be introduced by the defendant to establish the alleged oral agreement was inadmissible for the reasons stated in the former opinion; and, as indicated both in that opinion and in this, we are further of the mind that the evidence, if admissible, was and is wholly insufficient to establish a contract such as defendant claims was made.

Rehearing denied.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, JOHNSON, and NUESSLE, JJ., concur.