[File No. 6236.]

FRED THEDE, Respondent, v. ALFRED RUSCH, Appellant.

(256 N. W. 409.)

Opinion filed August 11, 1934. Rehearing denied September 25, 1934.

*Knauf & Knauf,* for appellant.

*Russell D. Chase,* for respondent.

MOELLRING, J. This is a law action wherein plaintiff seeks to .recover damages for work and labor performed and materials furnished to the defendant in connection with certain repairs and improvements made on the defendant's dwelling house. By stipulation of the parties the action was tried to the court without a jury. The trial court made findings and conclusions and ordered judgment in plaintiff's favor in the amount of $85 damages and also costs in the action. Subsequently, the defendant made a motion to reduce the judgment or for a new trial. This motion was denied, and defendant appeals to this court from the whole judgment, and also from the order denying the motion to reduce the judgment or for a new trial.

Plaintiff bases recovery on quantum meruit. The issue is quite simple. There is no dispute as to the services performed or the materials furnished, nor is there any evidence in the record controverting plaintiff's evidence with reference to the reasonable values of the same. The whole dispute is with reference to the consideration to be paid plaintiff, the defendant contending that plaintiff performed under the terms of a special oral agreement theretofore entered into by the parties, and that according to the terms of such agreement the whole consideration to be paid to plaintiff is the sum of $100. Of this amount he testifies he paid $75 and that he is owing thereunder the sum of $2,5, for which amount he is willing to confess judgment with interest and costs incurred to the date of the offer. Plaintiff admits payment of $75. On the other hand, plaintiff contends that there was no agreement as to a specific amount to be paid and that, therefore, he is entitled to recover the reasonable value of the labor and materials furnished.

The defendant on this appeal assigns twelve errors. The first two assignments concern the introduction of certain testimony, and all of

the remaining assignments challenge the trial court's determination that the evidence preponderates in favor of the plaintiff.

On the disputed point plaintiff testified that he never agreed that the whole consideration should be $100; that much of the work was changing and rearranging certain parts of the house, and that it would have been difficult to definitely determine beforehand just what would be required in the way of labor and materials. Plaintiff testified, in part:

"Q. Well, did you make an agreement to do this work for him for a certain sum? A. No. Al (meaning the defendant) asked me how much this would approximately run to and I said I haven't done any figuring and I don't know. Well, he said, approximately. Well, I said, I don't like to say approximately. Well, he said, I won't hold it to you, and so I said $100, more or less.

"Q. You were over to his house at that time? A. Yes.

"Q. Did you go down in the basement? A. I don't think I did.

"Q. You just looked the stairs over from the top? A. From the top, yes.

"Q. He said he wouldn't hold it to you? A. He said he wouldn't hold it to me. I didn't like to approximate.

"Q. You didn't know at that time what the cupboard would cost? A. No.

"Q. Or the plumbing bill or plastering? A. No."

This attitude of the plaintiff was not modified on cross-examination. The defendant testified positively that the consideration agreed upon was $100. His wife testified that she was personally present at the time of the negotiations and corroborated defendant's statements as to what transpired. The witness Andres testified that he was personally present and heard the negotiations between the plaintiff and the defendant at the time the alleged oral agreement was entered into. He stated that he was employed by the defendant, and was engaged in painting in an adjoining room, that the door was open and he overheard the conversation. He said they were talking for about an hour.

The principal contention seems to be whether the defendant did or did not use certain words which would indicate that he promised to perform the work and labor and furnish the materials at a price of $100. Defendant does not deny that the labor and materials fur-

nished were of the reasonable value as claimed by the plaintiff, but contends that such promise was specifically made by the plaintiff and asserts he would not have undertaken the repairs had he known beforehand that it would cost more than $100.

The trial court heard the testimony of the witnesses and saw their demeanor. In addition to the findings, a written opinion was filed in the case, in which it is stated:

"The Court concluded upon the trial, and still concludes from a review of the record, that there was no contract of this nature; that the figures submitted and talked over, of $100.00, was a mere estimate of the work to be done and material to be furnished; and that at the time of the conversation had with reference to the $100.00, that neither party had in mind the exact nature of the work to be done; that there were no plans drafted and no detailed specifications made. It was true that before the work was completed that changes were made; that obstacles were encountered in connection with the work which were not contemplated in the beginning, such as the removal of the cold air duct and the substitution of a metal air conduit for the compo board conduit that was in the building. The work was satisfactorily done. The amount found by the Court to be due was but the reasonable value of the labor and material. The defendant has value received for the money paid and the money found to be due."

Section 7846, Compiled Laws 1913, as amended by chapter 208, Laws of 1933, requires that on this appeal we determine this matter in the same manner as equity actions have heretofore been determined under said section, and while, therefore, we are required to decide the facts in this case independently of the trial court's determinations, nevertheless, the findings of the trial court, by reason of the superior advantage which he has in weighing the evidence and in determining the credibility of the witnesses, are entitled to appreciable weight.

See the following cases: Merchants Nat. Bank v. Collard, 33 N. D. 556, 157 N. W. 488; Klimpel v. Hayko, 47 N. D. 416, 182 N. W. 535; Bingenheimer Mercantile Co. v. Sack, 50 N. D. 381, 195 N. W. 969; Doyle v. Doyle, 52 N. D. 380, 202 N. W. 860; A. M. Wilson Co. v. Knowles, 52 N. D. 886, 204 N. W. 663; Merchants Nat. Bank v. Armstrong, 54 N. D. 35, 208 N. W. 847; Marquette Nat. F. Ins. Co. v. McCutcheon, 54 N. D. 596, 211 N. W. 433; First Nat. Bank v.

Weiss, 54 N. D. 883, 211 N. W. 979; Pfaffengut v. Export Ins. Co. 55 N. D. 112, 212 N. W. 518; Andersen v. Resler, 57 N. D. 655, 223 N. W. 707.

After carefully considering the evidence and the facts and circumstances disclosed, we cannot say that the weight of the evidence does not sustain the findings of the trial court.

The remaining assignments of error concern the introduction of evidence. Plaintiff testified that he had been engaged in carpentering, contracting and building for more than thirteen years preceding the trial, and that he had performed this work for the defendant commencing the week of November 6, 1930. He then testified as follows:

"Q. And of what did that work consist? A. It was a cupboard, plastering, changing stairs, changing some doors around and changing the cold air duct and changing the sink and taking down the soil pipe.

"Q. What was the reasonable value of the work, including any material furnished on the repair."

An objection was made to the latter question, on the grounds that there was no proper foundation laid for the same, either in point of time or things furnished, and too indefinite. The question was not answered.

Proceeding further, the witness testified that he built the cupboard in the month of November, 1930, and furnished all the materials. He also gave a general description of the size of the cupboard. He then gave the following testimony: "Q. Do you know what the reasonable value of that cupboard was that you manufactured in your shop including the lumber and hardware and dimensions you stated for the month of November, 1930?" An objection was made to this question on the same grounds as urged in the previous objection mentioned. The objection was overruled and the witness answered that the value was about $40. The overruling of this objection is predicated as error.

We do not believe this ruling of the trial court was error; but if we assume that it was, then it was error without prejudice, as thereafter the witness went into minute details with reference to a description of the cupboard, the materials used, the milling work and the hours of labor employed in its construction, and all without objection on the

part of the defendant. In fact, the only objections of any character found in the record are the two already mentioned.

We do not believe that the findings of the trial court should be disturbed. The judgment is affirmed, with costs on the appeal in favor of the plaintiff.

BURR, Ch. J., and BURKE, CHRISTIANSON and NUESSLE, JJ., concur.

MOELLRING, J. (On petition for rehearing.) The defendant has filed a petition for rehearing, and contends therein, that this court failed to consider the preponderance of evidence rule as contained in the original brief on the appeal. However, we had fully considered all matters presented on the appeal.

The lawsuit hinged on whether or not the plaintiff had used certain words which would bind him to furnish the labor and materials for the reconstruction and repair work done upon defendant's dwelling, for a consideration of one hundred dollars.

The trial court held that the plaintiff did not make such an agreement, and that he was entitled to recover the reasonable value for the labor and materials furnished.

No additional reasons have been presented in the petition for which we should disturb the determination made in this case, and the petition for rehearing is denied.

BURR, Ch. J., and NUESSLE, BURKE and CHRISTIANSON, JJ., concur.